[No. 19800. Department Two. April 16, 1926.]

THE STATE OF WASHINGTON, *on the Relation of D. G. Berry et al., Plaintiff*, v. SUPERIOR COURT FOR PACIFIC COUNTY, *H. W. B. Hewen, as Judge, et al., Respondents.*[1]

[1] HIGHWAYS (52, 58)—NEGLIGENT USE OF MOTOR VEHICLES—QUESTION FOR JURY. The issue as to defendant's reckless driving is for the jury, where it appeared that he was driving sixty miles an hour, drove off the road while attempting to pass a car, and struck a telegraph pole, injuring occupants of his car.

[2] SAME (52, 58). Whether defendant was operating his car recklessly may be determined from the fact that he was driving at a rate of fifteen miles in excess of the speed limit, sounded no warning, and drove off of a perfectly straight road into a telegraph pole.

[3] INFANTS (2)—JUVENILE DELINQUENTS—EVIDENCE OF DELINQUENCY. Delinquency of a minor may be shown by violation of traffic ordinances, and the proof is not insufficient because the allegations as to the rate of speed were not fully proved.

[4] INFANTS (5)—PROCEEDINGS—CIVIL OR CRIMINAL—PREPONDERANCE OF EVIDENCE. A proceeding against a delinquent child being purely civil and not criminal, the jury is properly instructed that it is sufficient if the charge is sustained by the preponderance of evidence.

[5] HIGHWAYS (52)—NEGLIGENT USE—DEFENSES. Violation of the traffic laws cannot be justified by the fact of repeated similar violations by others.

[1]Reported in 245 Pac. 409.

[6] INFANTS (2)—DELINQUENCY—SUFFICIENCY OF EVIDENCE. Violations of the traffic laws by a youth whose conduct at school and otherwise was unobjectionable does not warrant committing him to the reform school as a "delinquent" child.

Certiorari to review a judgment of the superior court for Pacific county, Hewen, J., entered January 11, 1926, upon the findings of a jury, committing relator to the reform school as a delinquent child. Reversed.

*Fred M. Bond,* for relator.

*John I. O'Phelan* and *A. D. Gillies,* for respondent.

ASKREN, J.—This is an application for a writ of review upon the finding of a jury that a minor was a delinquent child, and from sentence to the state training school imposed thereafter by the court.

The minor, who will hereinafter be called the relator, was charged with being a delinquent child in that on two different occasions he violated the traffic laws of the city of South Bend, and on another occasion violated the state law by reckless driving on a state highway.

[1] The evidence showed that, on April 12, 1924, the relator was brought before a justice of the peace in South Bend, upon a charge of violating the city ordinances in driving faster than the speed permitted by law. The relator pleaded guilty to this offense. He was arraigned again on the 16th of April for a like offense. On the 8th day of May following, relator drove an automobile along the paved highway outside of the city of South Bend at a very high rate of speed, some witnesses placing the speed as high as sixty miles per hour. The cutout on his car was open and made so much noise that it was difficult to hear a horn or signal sounded in passing. There was another car in front that had been discernible for a long distance, and in attempting to pass this car relator drove off the road,

striking a telephone pole eighteen inches in diameter and breaking it, smashing the rear portion of his car, and injured two of its occupants. It is the contention of relator that there was no evidence of reckless driving, and that what happened was a pure accident. This was a question for the jury to determine, and they determined it adversely to the relator.

[2] It is contended that the court erred in instructing as to the speed law of the state, which makes any speed over thirty miles per hour a violation of the speed law. The argument is that recklessness is not determined alone by the speed. This may be accepted as true, yet the question of the speed may be an important element in determining whether the action of the person charged is reckless. There was very substantial evidence that, at the time relator's car attempted to pass, it was going at a speed of forty-five miles an hour. The fact that the car was driven at a rate of speed fifteen miles an hour greater than that permitted by law, taken in conjunction with the fact that the accident happened upon a practically straight road and that no signal was given in passing, made a sufficient showing to justify the court in holding that all these facts were material elements in determining whether or not the way in which the car was being operated was reckless, or that it tended to endanger the lives, or inconvenience others using the highway.

[3] Complaint is also made of the sufficiency of the evidence to sustain the charge of delinquency in connection with the violation of the traffic ordinances. It seems to be contended that because the evidence offered by the state did not establish a speed as great as that indicated in the complaint, that the proof failed, and that there was a difference between the allegations of delinquency and the evidence offered before the police

judge at the time of the hearing on the violation; but we think this immaterial. Relator was not being tried upon the charge that he had been previously convicted in police court. He was being tried on the charge that he had violated the ordinance, and any evidence which tended to show such violation was admissible.

[4] It is further claimed that error was committed by the trial court in giving an instruction to the jury that it was sufficient if they should find by the preponderance of the evidence that relator had committed the acts of delinquency. It is well settled that proceedings such as these are purely civil and not criminal proceedings. *State ex rel. Raddue v. Superior Court,* 106 Wash. 619, 180 Pac. 875; *State ex rel. Gray v. Webster,* 122 Wash. 526, 211 Pac. 274. In civil cases a preponderance of the evidence is all that is required.

[5] Complaint is also made that the court erred in not permitting the relator to show that other drivers were in the habit of driving along the highway at the point in question at a speed of forty-five miles an hour; but in this the court was undoubtedly correct. Repeated violations of the speed laws by others would not tend to show that such driving was not reckless.

[6] Lastly, it is contended that the court erred in finding that relator was a delinquent child, and that it was in the interests of his welfare that he be sent to the state training school at Chehalis.

No testimony was offered upon this question other than that offered when the court was ready to sentence relator, when the principal of the schools testified that his behavior in school has been good. There was no evidence given concerning the home life of relator. His father testified at the trial, and there is nothing to indicate the unfitness of either of the parents in the matter of relator's care.

It seems to us that the order committing relator to the state training school was too drastic under the circumstances. Wide discretion is given the court to determine what is for the welfare of a minor, but we think no minor should be taken from the parental influence, unless there is something to indicate that the influence is improper, that the surroundings are not good, or that there is danger to the minor's morals.

This is not a case in which the minor has committed acts of moral turpitude, nor violated the laws under conditions which indicate a consent or acquiescence upon the part of the parents; nor is there anything to indicate that the parents are negligent in their duty towards the training of the relator. The purpose of the juvenile law is to prevent minors from growing up to lead an idle, dissolute or immoral life. Rem. Comp. Stat., § 1987-14; *In re Lundy,* 82 Wash. 148, 143 Pac. 885, Ann. Cas. 1916E 1007.

It can hardly be seriously contended that a minor who on occasions drives an automobile faster than the speed provided by law is in danger of leading an idle, dissolute or immoral life.

We think the proper action in the case would be to deprive the relator of his license to drive an automobile for a sufficient time to enable him to realize the necessity of observing the traffic ordinances and speed laws.

The judgment is reversed with instructions to enter an order forbidding relator to operate any motor vehicle for a period of one year.

TOLMAN, C. J., MACKINTOSH, PARKER, and MITCHELL, JJ., concur.