[No. 24899. Department One. February 27, 1934.]

THE STATE OF WASHINGTON, *on the Relation of Emil Helwig et al., Plaintiff,* v. THE SUPERIOR COURT FOR PACIFIC COUNTY *et al., Respondents.*[1]

[1]Reported in 29 P. (2d) 930.

*Fred M. Bond,* for relators.

*John I. O'Phelan* and *Edward W. Mathewson,* for respondents.

MILLARD, J.—The relators (three boys, the father of two of the boys and the mother of one of the boys), by this certiorari proceeding, seek review and reversal of a judgment of the superior court for Pacific county committing three boys (Marvin and Merrill Helwig, twins sixteen years old, and Glenn Everitt, fifteen years of age) to the state training school.

On November 23, 1933, a written complaint was made, verified by Edwin M. Connor, charging the three boys above named and four other minors with being delinquent children, in that, on the night of October 31, 1933, they "wilfully, maliciously, wrongfully and unlawfully" destroyed and injured the complainant's property—a fence and garden in South Bend. Hearing was had before the respondent judge, sitting as the juvenile department of the superior court for Pacific county. The court found that the evidence was insufficient to warrant the proceeding against two of the boys, who were ordered discharged. Five of the minors were found guilty as charged. The court entered an order committing Marvin Helwig, Merrill Helwig and Glenn Everitt to the state training school and paroling the other two boys for one year to the custody of their parents and the captain of a local Boy Scout troop.

The three boys were charged with the commission of the crime of wilful and malicious destruction and injury of the property of another. Rem. Rev. Stat., § 2667. Conviction of the crime charged established their status as delinquent children under the juvenile court law which defines a "delinquent child" to be any child under the age of eighteen years who violates any law of this state. Rem. Rev. Stat., § 1987-1.

The three boys appeared in person, two with their father and one with his mother. None was represented by an attorney. All were given an opportunity to retain counsel. The minutes of the court read as follows:

"Court stated nature of hearing to the parents and guardians of said minors and asked if any desired counsel, who had not already obtained same. The hearing was then proceeded with."

The statement of facts, so far as pertinent, reads as follows:

"The Court: This action is entitled In the Matter of the Welfare of the above named parties, which I have just read off, in which they are accused of having, on the 31st day of October, 1933, destroyed wilfully and unlawfully certain property of E. M. Connor, consisting of a fence and garden. Are the parties ready for hearing on this? The case was set for this time. Are there any objections to going forward with the hearing at this time? This is not a criminal charge, it is a delinquency charge, but it involves certain matters that constitute gross misconduct on the part of minors, and the juvenile court has authority to deal with these matters, and expects to do so. The prosecuting attorney may present his evidence."

Testimony was taken in a trial without a jury, upon which the court found that the three boys, Marvin Helwig, Merrill Helwig and Glenn Everitt, were guilty of the offense of "wilfully and unlawfully and wrongfully destroying and injuring the property of another, namely, . . . a fence and garden," and it was

". . . ordered and adjudged that Marvin Helwig, Merrill Helwig and Glenn Everitt are delinquent children and they are each of them committed to the Washington State Training School . . ."

The order of commitment is erroneous. Without their consent, parents or legal guardians of children can not be deprived of the right to the care, cus-

tody, society and services of their children unless there is a showing and a finding by the court that such parents or guardians are incapable or have failed or neglected to provide for such children and to perform their duties to such children.

"No dependent or delinquent child as defined in this act shall be taken from the custody of its parent, parents or legal guardian, without the consent of such parent, parents or guardian, unless the court shall find such parent, parents or guardian is incapable or has failed or neglected to provide proper maintenance, training and education for said child." Rem. Rev. Stat., § 1987-14.

The trial court made no finding whatever upon this subject. It follows that the judgment must be, and it is, reversed, and the cause remanded to the trial court with direction to follow the statute and enter a judgment according to the court's view of the evidence.

Reversed and remanded.

BEALS, C. J., MAIN, MITCHELL, and GERAGHTY, JJ., concur.