[No. 25120.   Department One.   June 28, 1934.]

THE STATE OF WASHINGTON, *on the Relation of Margaret Everitt et al., Plaintiff*, v. THE SUPERIOR COURT FOR PACIFIC COUNTY *et al., Respondents.*[1]

*Fred M. Bond,* for relators.
*John J. Langenbach,* for respondents.

MAIN, J.—This case is here to review a judgment of the superior court sentencing a minor child to the state training school for boys at Chehalis until he arrives at the age of twenty-one years, or is otherwise released or discharged according to law.

November 23, 1933, seven boys, ranging in ages from fifteen to seventeen years, were charged as delinquent children, in that they had, on October 31, 1933, wrongfully and unlawfully destroyed the property of another, towit, a fence and garden. The trial of that case in the juvenile court resulted in a judgment dismissing two of the boys, paroling two of them, and sentencing the other three, Marvin Helwig, Merrill

[1]Reported in 33 P. (2d) 897.

Helwig and Glenn Everitt, to the state training school at Chehalis for boys. The court made no finding that the father of the Helwig boys or the mother of the Everitt boy were not suitable and proper persons to have the custody of their children. That judgment was reversed, and the cause remanded to the juvenile court with direction to follow the statute and enter a judgment according to the court's view of the evidence. *State ex rel. Helwig v. Superior Court,* 176 Wash. 478, 29 P. (2d) 930.

When the case was returned, a hearing was held and evidence was taken upon the question of whether the father of the Helwig boys and the mother of the Everitt boy were suitable and proper persons to have the custody of their children. As a result of the hearing, the Helwig boys were paroled, and the Everitt boy, being then sixteen years of age, was sentenced to the state training school for boys at Chehalis until he should arrive at the age of twenty-one years, or be otherwise released or discharged according to law. The case is now here to review the judgment as to the Everitt boy.

The question is whether the mother of this boy should be deprived of his custody, even though he has been adjudged to be a delinquent child, on account of the offense of which he was found guilty. Rem. Rev. Stat., § 1987-14, which is one of the sections of the juvenile law, provides that no dependent or delinquent child, as defined in the act, shall be taken from the custody of its parent or parents without their consent, unless the court shall find such parent or parents is "incapable or has failed or neglected to provide proper maintenance, training and education for said child." Inquiry must then be directed as to whether Mrs. Everitt had provided proper maintenance, training and education for this boy.

In *State ex rel. Berry v. Superior Court,* 139 Wash. 1, 245 Pac. 409, 45 A. L. R. 1530, where the violation of the traffic ordinances and laws had resulted in the delinquency of a boy and he was sentenced by the juvenile court to the training school at Chehalis, it was said:

"It seems to us that the order committing relator to the state training school was too drastic under the circumstances. Wide discretion is given the court to determine what is for the welfare of a minor, but we think no minor should be taken from the parental influence, unless there is something to indicate that the influence is improper, that the surroundings are not good, or that there is danger to the minor's morals."

With the statute and that view of the law in mind, we shall now look at the evidence. Mrs. Everitt was the mother of eight children, four of whom were older than Glenn, the boy herein involved, and three younger. Glenn attended school regularly, and there is no evidence that he was unruly or disobedient. Substantial citizens in the city of South Bend, where Mrs. Everitt resided, and who knew her and her family, testified that, in bringing up her children, she had done a "good job." Glenn from time to time did odd jobs for the neighbors, for which he received compensation, and assisted his mother in the house work and the care of the younger children. The witnesses referred to testified that Mrs. Everitt was a suitable and proper person to have the custody of her boy.

Much is said in the record about the father of this boy, who had not lived at home for a period of two years prior to this hearing, except to return occasionally to visit the children. Prior to his departure, he had, on one occasion, been convicted in the Federal court of a violation of the prohibition law, and in August, 1931, pleaded guilty to having in his posses-

sion four bottles of beer, which were gotten when the residence in which he and Mrs. Everitt resided was entered by the officers under a search warrant. Whatever the dereliction of Mr. Everitt may have been, it certainly cannot be visited upon Mrs. Everitt. It is true that, when the officers went to the Everitt residence with a search warrant and Mrs. Everitt saw them coming up the steps, she slammed the door in the face of the sheriff, who, being a powerful man, pushed the door from its moorings, entered the house, and the four bottles of beer were found therein. The fact that Mrs. Everitt slammed the door in the face of the officer is not here of controlling importance. Since the husband departed about two years before, there is no evidence that rises to the dignity of even creating a suspicion that intoxicating liquor was used and sold by Mrs. Everitt, or that she had any connection therewith.

It is said that, a short time before the hearing on this matter, Mr. Everitt had returned to his home and had spent some time there. Mrs. Everitt testified that they were not living together, and that he had departed ten days previous and that she did not know where he was. Whether the fact that Mr. Everitt had been a persistent violator of the prohibition law would now, since that law has been repealed, militate against his right to have the custody of his children, if he were here involved, is a question not necessarily before us at this time, and one upon which we express no opinion. Mrs. Everitt, from the evidence, undoubtedly is a good woman, has brought her children up well, and the record is devoid of evidence which would justify the taking of the custody of this boy from her under the provisions of the statute above mentioned and committing him to the training school.

The judgment committing Glenn Everitt to the training school at Chehalis will be reversed, and the cause remanded to the juvenile court.

BEALS, C. J., MITCHELL, STEINERT, and MILLARD, JJ., concur.