[No. 32025.   Department Two.   April 10, 1952.]

*In the Matter of the Welfare of* PHINE MILLER *et al., Minors.*
THE STATE OF WASHINGTON, *on the Relation of Phine Miller,*
*Sr., et al., Plaintiff,* v. WILLIAM G. LONG, *as Judge of*
*the Superior Court for King County, Respondent.*[1]

[1]Reported in 242 P. (2d) 1016.

*Thomas J. Isaac,* for relators.

*Charles O. Carroll* and *Samuel C. Rutherford,* for respondent.

HAMLEY, J.—This case comes here on certiorari to review an order of the juvenile court of King county. The order permanently deprives a father and mother of all rights and interests in and to their four minor children; establishes the status of the children as wards of the court; and commits them into the temporary custody of the King county welfare department, division for children. At the time this order was entered, on November 2, 1951, the children (two boys and two girls) ranged in age from six and a half months to nearly eight years.

At the outset we are met with respondent's motion to quash the alternative writ of certiorari. This motion was made on the ground that, under the juvenile court law (RCW 13.04.010 *et seq.* (Rem. Rev. Stat., § 1987-1 [P.P.C. § 359-1] *et seq.,* as amended)), the order herein entered may be modified as the circumstances of the case may require, and that relators therefore have an adequate remedy and form of relief without the necessity of a review by this court.

While there is no provision in the juvenile court law for an appeal, the orders and judgments of the juvenile court are subject to review by certiorari. *In re a Minor,*

39 Wn. (2d) 744, 238 P. (2d) 914. In our opinion, this right of appellate review is not dependent upon whether any such order or judgment is subject to modification by the juvenile court. The right to apply to the juvenile court for a modification is not an equivalent to the right of review by this court. It is unnecessary to decide whether an order purporting to deprive parents permanently of all parental rights and interests may, in fact, be modified by the juvenile court for the purpose of restoring such parental rights. The motion to quash is denied.

Two questions are presented by relators. The first is whether the order under review must be reversed because not supported by adequate findings of fact and conclusions of law. Specifically, relators contend that the court should have expressly stated the facts relative to each individual child on the basis of which the court concluded that all the children should be taken away from their parents.

The court's findings of fact and conclusions of law, which are set out as a part of the order, read as follows:

"The Court, being fully advised in the premises, finds that the said Phine Miller, Jr., Herman Lee Miller, Rosemary Miller and Phillis Ann Miller are dependent children within the meaning of the law; that the said father, Phine Miller, Sr., is a brutal and sadistic person, not capable of rearing any child; that said Phine Miller, Sr., is not a fit and proper person to have the care, custody or control of the said children, or any or either of them; that the welfare of said children requires that the said father, Phine Miller, Sr., be permanently deprived of any and all paternal rights and interests in and to the said children, Phine Miller, Jr., Herman Lee Miller, Rosemary Miller and Phillis Ann Miller; that the said mother, Ethel Lee Miller, by her own testimony, has condoned the mistreatment of said children by the said father; has not manifested normal maternal interest in the said children; that said mother, Ethel Lee Miller, is not a fit and proper person to have the care, custody or control of the said children, and that the welfare of said children requires that said mother be permanently deprived of any and all maternal rights and interests in and to the said children, Phine Miller, Jr., Herman Lee Miller, Rosemary Miller and Phillis Ann Miller; that it will be for the further welfare of said children to be placed in the tempo-

rary custody of the King County Welfare Department, Division for Children, as wards of this Court, subject to further order; that the said King County Welfare Department, Division for Children, should be authorized to provide complete medical examination and such treatment for the said children, or any or either of them, as may be recommended by the attending physician."

Under the juvenile court act, no child may be made a ward of the state unless it shall have been found to be a delinquent or dependent child. RCW 13.04.020 (Rem. Rev. Stat., § 1987-1). The term "dependent child" is defined in RCW 13.04.010 (Rem. Rev. Stat., § 1987-1). Paragraph (8) of that section of the statute is the one applicable here. As there defined, a child under the age of eighteen years whose home, by reason of neglect, cruelty, or the depravity of its parents or either of them, is an unfit place for such child, is a dependent child. RCW 13.04.010 (8) (Rem. Rev. Stat., § 1987-1 (7)). While the juvenile court did not, in the above-quoted findings, specifically state that the home was an unfit place for these children, we think that it is to be inferred from the findings relative to the unfitness of the father and mother to have the care and custody of their children.

Before a dependent or delinquent child may be taken from the custody of its parents without the consent of such parents, the juvenile court must also find that the parents are incapable of providing, or have failed or neglected to provide, proper maintenance, training and education for the child; or that such child has failed to reform while on probation; or that the welfare of the child requires that its custody shall be taken from the parents. RCW 13.04.140 (Rem. Rev. Stat., § 1987-14); *State ex rel. Helwig v. Superior Court,* 176 Wash. 478, 480, 29 P. (2d) 930; *In re Williams,* 10 Wn. (2d) 542, 550, 117 P. (2d) 202; *In re Hudson,* 13 Wn. (2d) 673, 681, 126 P. (2d) 765. In the above-quoted findings, the juvenile court specifically found that the welfare of the children required that the father and mother be deprived of all parental rights in such children.

We therefore conclude that the juvenile court here

made the essential findings of fact necessary to support the order entered. It would have been preferable had the findings been entered in more detail so as to indicate, for example, the circumstances which led the court to find that the father is a brutal and sadistic person and that the mother has not manifested maternal interest in the children. However, our examination of the relatively short record indicates that the basic facts are not in serious dispute. Relators have therefore not been prejudiced because of the general nature of the findings, and, accordingly, we would not be warranted in reversing on that ground.

■ Where the finding of dependency and the need of removing the children from the custody of their parents is based upon a showing as to the personal traits and characteristics of the parents, we do not believe that there must be specific findings relative to the welfare of each individual child. For example, if the finding that the father is brutal and sadistic is borne out by testimony of brutal treatment of one child, that would be sufficient, in the court's discretion, to warrant removal of all children from his custody. A father does not have the privilege of inflicting brutal treatment upon each of his children in succession before they may individually obtain the protection of the state.

■ The second question presented by relators is whether, with respect to the three younger children, the evidence was sufficient to support the findings of the juvenile court. While the evidence indicates some mistreatment of the three younger children by the father, his principal acts of brutality were committed against the oldest child and the mother. These acts were of such a nature, however, as to justify fully the court's ultimate finding that the father was unfit to have the custody of any of the children, and that his rights should be permanently terminated.

In the case of the mother, there was some evidence of lack of care of all the children. However, the principal basis of the court's finding as to her lack of maternal interest appears to have been her failure to intercede while the

oldest boy was being beaten. In a statement which the mother gave to the police immediately after the beating incident, she stated that she had not interceded because of her fear of the father, and that she intended to leave him. At the hearing, however, she testified that she was not afraid of her husband, but had failed to intercede because she did not realize how severely the boy was being beaten. She also testified that her husband was a good father, and she intended to stay with him.

■ The evidence presented at the hearing before the juvenile court fully supports that court's findings relative to the mother's present lack of fitness to have the care and custody of the children. However, we feel that in her case the order should not have permanently deprived her of all maternal rights in and to the children. The circumstances which required that she be deprived of the present custody of the children are far less compelling than in the case of the father. They are such as to leave room for the hope that she may later be able to resume her maternal duties to these very young children. See *In re Day,* 189 Wash. 368, 386, 65 P. (2d) 1049.

The cause is remanded with directions to modify the order of November 2, 1951, to provide that the deprivation of the mother's maternal rights and interests in and to the children shall be until the further order of the court. The order is, in all other respects, affirmed.

SCHWELLENBACH, C. J., DONWORTH, FINLEY, and OLSON, JJ., concur.