**In the Matter of Gerald Alex BIGESBY, Appellant.**

No. 3496.

District of Columbia Court of Appeals.

Submitted June 8, 1964.

Decided July 31, 1964.

Eugene E. Siler, Jr., Washington, D. C., for appellant.

Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, Hubert B. Pair and Richard W. Barton, Asst. Corp. Counsel, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This appeal is by a twelve-year-old boy from a judgment of the Juvenile Court holding that it had been established "by proper, competent and sufficient proof, and by a preponderance of the evidence" that he, together with two other boys, had knocked to the ground an eleven-year-old boy and had taken forcibly from his pants pocket 45 cents in change. The only error assigned is that the judgment was based upon proof by a preponderance of the evidence. The claim is that a charge of this nature in the Juvenile Court can be established only by proof beyond a reasonable doubt.[1]

█ It is firmly established in this jurisdiction that when a petition is filed in the Juvenile Court against a child, the child "is not accused of a crime, not tried for a crime, not convicted of a crime, not deemed to be a criminal, not punished as a criminal, and no public record is made of his alleged offense." Pee v. United States, 107 U.S.App. D.C. 47, 49, 274 F.2d 556, 558 (1959). Be cause the child is exempt from the criminal law and from criminal penalties, safeguards of the criminal law generally have no application in juvenile proceedings. Harling v. United States, 111 U.S.App.D.C. 174, 295 F.2d 161 (1961). Although fundamental fairness requires that the adjudication of the status of a minor should rest only on competent and reliable evidence, the proceeding is a civil one, divorced from all procedural criminal law characteristics. In re McDonald, D.C.Mun.App., 153 A.2d 651 (1959), cert. denied sub nom. Cooper v. District of Columbia, 363 U.S. 847, 80 S.Ct. 1620, 4 L.Ed.2d 1730.

---

1. In its findings the trial court stated that had it used the standard of reasonable doubt, its finding would have been "not involved."

■ In the light of the foregoing it is our opinion that to inject into a juvenile delinquency proceeding the strictly criminal law concept of guilt beyond a reasonable doubt would be both unnecessary and improper. Although there is some authority to the contrary,[2] our conclusion appears to be in accord with the great weight of authority.[3]

Affirmed.

2. See, e. g., Jones v. Commonwealth, 185 Va. 335, 38 S.E.2d 444 (1946).

3. People v. Lewis, 260 N.Y. 171, 183 N.E. 353, 86 A.L.R. 1001 (1932), cert. denied 289 U.S. 709, 53 S.Ct. 786, 77 L. Ed. 1464; In re Ronny, 40 Misc.2d 194, 242 N.Y.S.2d 844 (1963); United States v. Borders, D.C.N.D.Ala., 154 F.Supp. 214 (1957), aff'd 256 F.2d 458 (5 Cir. 1958); State ex rel. Berry v. Superior Court, 139 Wash. 1, 245 P. 409, 45 A.L.R. 1530 (1926). See also Annotations in 43 A.L.R.2d 1128, 1138–41, and 86 A.L.R. 1008, 1010–11.