Chief Judge Fuld (dissenting).
There is much in the court’s opinion with which I agree but on the narrow question presented— the standard of proof to be applied in proceedings against juvenile delinquents—-it seems to me that the answer has been virtually foreclosed by the Supreme Court. In my view, the decision in Matter of Gault (387 U. S. 1) requires the conclusion that due process of law is violated if a child may be found to have committed a crime and incarcerated for an appreciable length of time on evidence less than proof beyond a reasonable doubt.
I do not believe that a lesser standard may be justified on the theory that the proceedings—which may result in confinement of a 12-year-old boy in a State Training School for as long as six years — are designed, in the words of the court (opn., p. 197), “not to punish, but to save the child.” This *204 rationale, it seems to me, was decisively rejected by the court’s approach to the problem in Gault. “ Ultimately,” the court there wrote (387 U. S., at p. 27), “we confront the reality of that portion of the Juvenile Court process with which we deal in this case. A boy is charged with misconduct. The boy is committed to an institution where he may be restrained of liberty for years. It is of no constitutional consequence — and of limited practical meaning—that the institution to which he is committed is called an Industrial School. The fact of the matter is that, however euphemistic the title, a ‘ receiving home ’ or an * industrial school ’ for juveniles is an institution of confinement in which the child is incarcerated for a greater or lesser time. His world becomes 1 a' building with whitewashed walls, regimented routine and institutional hours. . . .’ [Holmes’ Appeal, 379 Pa. 599, 616, Musmanno, J.,. dissenting.] Instead of mother and father and sisters and brothers and friends and classmates, his world is peopled by guards, custodians, state employees, and ‘ delinquents ’ confined with him for anything from waywardness to rape and homicide. ’ ’
Once the Supreme Court decided that the child was entitled, as a matter of due process, to notice of charges, to counsel, to the rights of confrontation and examination and the privilege against self incrimination—because the proceeding is “ comparable in seriousness to a felony prosecution” (387 U. S., at p. 36) and because the “safeguards available to adults” in “ a normal criminal case * * * [may not be] discarded in [a child’s] case” (p. 29)—it necessarily follows that a finding of guilt, which entitles a court to confine a boy until his eighteenth year, may not be predicated upon less than proof beyond a reasonable doubt.
There may not be any decision expressly stating that the reasonable doubt standard is an essential aspect of due process in criminal prosecutions. But who could question that it is? That-standard has been so deeply imbedded in our law, .is so fundamental and universal, that no one would venture in an ordinary criminal case to apply a standard less stringent. It is essential to due process not only because of the deprivation of liberty which could result but also because of the vital part it plays in the entire criminal procedural scheme. For example, *205 the burden of .proof is closely related to the privilege against self incrimination—as a device to offset the adverse effect of a defendant’s failure to defend himself. It also compensates for lack of discovery proceedings and disclosure devices traditionally available to ordinary civil litigants. Manifestly, a person accused of a crime, whether he be an adult defendant in a criminal case, or a child charged as a delinquent, would be at a severe disadvantage, a disadvantage amounting to a lack of fundamental fairness, if he could be adjudged guilty and imprisoned for years on the strength of the same evidence as would suffice in a civil case.
My conclusion is not without support in judicial decision. At least two courts have also concluded that, in the light of Gault (387 U. S. 1, supra), due process demands that the proof in a delinquency proceeding be beyond a reasonable doubt. (See In re Urbasek, 38 Ill. 2d 535; United States v. Costanzo, 395 F. 2d 441; see, also, Dorsen and Rezneck, Gault and Juvenile Law, 1 ABA Family Law Quart., No. 4 [Dec., 1967] pp. 1, 25-27. But see, contra, In re Wylie, 231 A. 2d 81; De Backer v. Brainard, 183 Neb. 461, probable jurisdiction noted Feb. 24, 1969, 393 U. S. 1076.) Thus, in. the Costaneo ease (395 F. 2d 441, supra), the Federal Court of Appeals for the Fourth Circuit declared (pp. 444-445):
“ Our precise question then is whether for purposes of the required quantum of evidence, no less than for notice, • counsel, cross-examination, and the privilege against self-incrimination, a federal juvenile proceeding which may lead to institutional commitment must be regarded as ‘ criminal. ’ We hold that it must be so regarded. No verbal manipulation or use of a benign label can convert a four-year commitment following conviction into a civil proceeding. [Case cited.] The Government’s burden in a juvenile case, therefore, is to prove all elements of the offense ‘ beyond a reasonable doubt, ’ just as in a prosecution against an adult. * * * In practical importance to a person charged with crime the insistence upon a high degree of proof ranks as high as any other protection. * * *.
# * *
*206 “ It would appear a patent violation of due process and equal protection of the law if a juvenile were found to have committed a crime on less evidence than would be required in the case of an adult, especially since the consequences of the adjudications are essentially the same.”
And in the Urbasek case (38 Ill. 2d 535, supra), the high court of Illinois, noting that the language of the opinion in Gault “ exhibits a spirit that transcends the specific issues there involved ” (p. 541), wrote that (pp. 540-541)
“ * * * it would seem that the reasons which caused the Supreme Court to import the constitutional requirements of an adversary criminal trial into delinquency hearings logically require that a finding of delinquency for misconduct, which would be criminal if charged against an adult, is valid only when the acts of delinquency are proved beyond a reasonable doubt to have been committed by the juvenile charged, [p. 540] “ * * * When we eschew legal fictions and adopt a realistic view of the consequences that attach to a determination of delinquency and a commitment to a juvenile detention home, ‘ juvenile quarters ’ in a jail or a State institution * * * we can neither truthfully nor fairly say that such an institution is devoid of penal characteristics. * * * the incarcerated juveniles’ liberty of action is restrained just as effectively as that of the adult inmates serving terms in State and Federal prisons, [p. 541] ” (Emphasis supplied.)
It may well be, as the court observes (opn., p. 202), that there is but a ‘ ‘ tenuous difference” betweén “ a fair preponderance of the evidence ’ ’ and ‘1 proof beyond a reasonable doubt.” But the simple fact is that the Family Court Judge in the ease before us saw a difference between those standards. In reaching his decision that the appellant was guilty, he explicitly acknowledged that he was basing his findings of fact on the 11 preponderance of evidence ’ ’ and frankly admitted that the proof fell short of establishing guilt or delinquency beyond a reasonable doubt. Along with Dorsen and Rezneek (Grault and Juvenile Law, 1 ABA Family Law Quart., No. 4 *207 [Dec., 1967], 1, p. 27, supra), I too find it difficult to understand “ how the distinctive objectives of the juvenile court give rise to a legitimate institutional interest in finding a juvenile to have committed a violation of criminal law on less evidence than if he were an adult.”
It has been aptly said that the prosecution’s duty to establish guilt beyond a reasonable doubt “ is a requirement and a safeguard of due process of law in the historic, procedural content of ‘ due process. ’ ’ ’ (Leland v. Oregon, 343 U. S. 790, 802-803, per Frankfurter, J., dissenting.) With the Gault case on the books, it follows, I suggest, that, where a 12-year-old child is charged with an act of stealing which renders him liable to confinement for as long as six years, then, as a matter of due process, as well as of equal protection, the case against him must be proved beyond a reasonable doubt.
The order appealed from should be reversed.
Judges Scileppi, Breeder and Jasen concur with Judge Bergan ; Chief Judge Fixed dissents and votes to reverse in a separate opinion in which Judges Burke and Keating concur.
Order affirmed.