In the Matter of Newton Milby ELLIS.

No. 4613.

District of Columbia Court of Appeals.

Argued April 16, 1969.

Decided May 23, 1969.

Gary T. Schwartz, Washington, D. C., for Newton Milby Ellis.

David P. Sutton, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for District of Columbia.

Before CAYTON, Chief Judge, Retired, and QUINN and MYERS, Associate Judges, Retired.

MYERS, Associate Judge, Retired:

Appellant, a fifteen-year old boy, was charged with housebreaking (D.C.Code 1967, § 22–1801) and petit larceny (D.C. Code 1967, § 22–2202).

In proceedings before the Juvenile Court, the arresting officer was the only witness called by the government. He testified that he and his partner were on a routine patrol late at night when they heard the sound of breaking glass. They observed three youths emerging from the areaway leading to a clothing store. The youths were carrying

clothing in their arms and immediately began running down the street. The officers gave chase, calling on the youths to halt. One turned, stopped and was apprehended. In stopping, he dropped a bathrobe later shown to have come from the store. The boy was subsequently identified as appellant. According to the officer, appellant, when questioned, revealed the names of the other two and admitted being at the store when the breaking occurred and reaching into the window and taking a robe.

Appellant testified that he was walking down the street in the company of some friends when he saw two boys, one of whom he knew, break the store window, and that fearing trouble, he ran into the alley where he was later apprehended. He admitted telling the police the names of the two other boys but denied that he had admitted taking the robe or anything else.

■ The Juvenile Court found, by a preponderance of the evidence, that appellant had committed the violations and that he was therefore within the jurisdiction of the Court.[1] Appellant was placed on indefinite probation in the custody of his grandfather.

■ Appellant argues that the Supreme Court decision in In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), requires that allegations of a criminal nature in juvenile proceedings must be proved beyond a reasonable doubt and that it was error, therefore, for the Juvenile Court to find appellant within its jurisdiction by a preponderance of the evidence.

While we have not failed to follow the ruling of Gault in those cases where it clearly applies,[2] Gault did not decide the

question of the quantum of proof required in juvenile cases. We are therefore not persuaded at this time that we should apply the philosophy of Gault in order to predict what the Supreme Court might decide if faced with the same question.[3] We are reluctant to condemn or abandon a long-standing and useful practice unless the unconstitutionality of that practice is plain and manifest. Hicks v. District of Columbia, D.C.App., 197 A.2d 154, 155 (1964).

■ Concededly there are points of similarity between a juvenile proceeding and a criminal trial. Nonetheless, hearings held before the Juvenile Court remain civil in nature and differ significantly from their criminal counterpart. By statute, the records of juvenile cases are not open to public inspection.[4] Hearings are also closed to the public.[5] Furthermore, a child adjudged delinquent is neither deemed nor treated as a criminal. No civil disabilities are imposed upon him and he is not disqualified from civil service.[6] The purpose and rationale behind such safeguards and, indeed, the very procedure governing treatment of such juveniles is the care, needs and protection of the minor and his rehabilitation and restoration to useful citizenship. In re Elmore, D.C.App., 222 A.2d 255, 257, 259 (1966), reversed and remanded on other grounds, 127 U.S.App.D.C. 176, 382 F.2d 125 (1967). A flexible approach to juvenile proceedings is the best manner in which to achieve these ends. The safeguards which surround him do not inherently derive from the Constitution but from the social welfare philosophy which forms the historical background of the Juvenile Court Act.

■ Subsequent to the Gault decision, we had occasion to deal with the same ques-

---

1. Under D.C.Code 1967, § 11–1551(a) (1) (A), the Juvenile Court has original and exclusive jurisdiction in all cases concerning a child who has violated the law of the District of Columbia.

2. See, e. g., In re Creek, D.C.App., 243 A.2d 49 (1968).

3. But cf. United States v. Costanzo, 395 F.2d 441 (4th Cir. 1968); In re Urbasek, 38 Ill.2d 535, 232 N.E.2d 716 (1967).

4. D.C.Code 1967, § 11–1586.

5. D.C.Code 1967, § 16–2307.

6. D.C.Code 1967, § 16–2308.

tion presented on this appeal. In re Wylie, D.C.App., 231 A.2d 81, 84 (1967). There we noted that, although *Gault* had alluded to but not passed upon the standard of proof required in Juvenile Court cases, we determined to adhere to our prior ruling in In re Bigesby, D.C.App., 202 A.2d 785, 786 (1964), that "the strictly criminal law concept of guilt beyond a reasonable doubt" was unnecessary and improper in a Juvenile Court proceeding. We find no justification for abandoning or reversing that ruling under the facts and circumstances of this case. As was stated in Creek v. Stone, 126 U.S.App. D.C. 329, 379 F.2d 106 (1967), the clear congressional purpose was to establish a professionally staffed, specialized court, equipped with broad powers to implement the rehabilitative purposes of the Juvenile Court Act.

 Appellant also contends that the evidence was insufficient to support the finding of the Juvenile Court that he was within its jurisdiction. Specifically, it is argued that the Court's finding was limited to the housebreaking charge by omitting any reference to the allegation of petit larceny and, as to the housebreaking charge, the judge erred in finding a violation on the basis of his being with the boys actually committing the crime at the time the window was broken. After careful review of the record, we conclude that appellant's contention is without merit.

Considering the evidence in a manner most favorable to the government,[7] it amply supports a finding by the court that appellant had committed both offenses. Immediately after the clothing store was broken into, appellant was observed running from an areaway leading to the store. A police officer pursuing him saw him drop a bathrobe coming from the store and, when he was apprehended soon afterward, the robe was at his feet. Even if we ignore appellant's supposed admission to the police that he took the robe, this evidence would be enough to sustain the judge's conclusion.

■ The trial judge's summation indicates that he had considered both charges when making his findings. However, even were appellant correct in his assertion that only the housebreaking charge was dealt with, his being with those breaking the window coupled with his subsequent actions would establish his responsibility for the act alleged. Williams v. United States, D.C.App., 190 A.2d 269 (1963).

Since the evidence supports the finding of the Juvenile Court that appellant was within its jurisdiction, that decision is therefore

Affirmed.

---

7. Malloy v. United States, D.C.App., 246 A.2d 781 (1968).