**In the Matter of Matthew BUMPHUS, Jr.**

**No. 4746.**

District of Columbia Court of Appeals.

Argued April 30, 1969.

Decided June 16, 1969

Woodley B. Osborne, Washington, D. C., for Matthew Bumphus, Jr.

David P. Sutton, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for the District of Columbia.

Before CAYTON, Chief Judge, Retired, and QUINN and MYERS, Associate Judges, Retired.

MYERS, Associate Judge.

Appellant was charged, under D.C.Code 1967, § 22–2403, with murder in the second degree and, under D.C.Code 1967, § 22–502, with assault with a dangerous weapon. Both charges stemmed from the shooting death

of his father on December 24, 1967. After the killing, appellant surrendered to the police. He was tried by a jury and found to have committed manslaughter and assault with a deadly weapon. He, therefore, fell within the jurisdiction of the Juvenile Court, which committed him to the custody of the Department of Public Welfare for an indeterminate period.

Previous to the shooting, appellant's father, accusing his sister of taking money from his wallet, attacked her with a plumber's plunger. Appellant called the police. The father then threatened to kill one of the children if something like that happened again. In the presence of the police, appellant threatened to kill his father. Two days later, the father began fighting with his daughter again. This time he struck her and bit her finger. While her mother took her into the bathroom, the father went to get the plunger again. At trial, appellant testified that he heard his sister scream and when he tried to investigate, his father swung the plunger at appellant and went upstairs where the sister was being treated. Appellant found his father standing in front of the bathroom with the plunger and asked him what was happening. Replying that it was none of his business, the father started to bring the plunger down upon him. At that point, appellant fired the fatal shot with a revolver he had secured downstairs when he again heard screams. Appellant testified that he fired rather than back off, because he remembered his father's threats and it looked to him as though his father was about to carry them out.

■ Appellant advances two grounds for reversal: First, he contends that he was found to have committed the offenses by a preponderance of the evidence which, he argues, is in contradiction to the Supreme Court decision in In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). He asserts that the Gault decision requires, albeit implicitly, the use of a reasonable doubt

standard of proof. We recently had occasion to review this question in the case of In the Matter of Ellis, D.C.App., 253 A.2d 789 (decided May 23, 1969). We there held that the use of the preponderance of the evidence test was permissible under Gault. We adhere to that decision.[1]

Second, he also maintains that it was reversible error for the trial judge to exclude the testimony of appellant's probation officer. Had he been permitted to take the stand, according to appellant, the officer would have testified that appellant had come to see him several days before the shooting in order to seek his advice concerning the violent outbreaks of appellant's father and that, at that time, the probation officer had told him to contact the police whenever such outbreaks occurred. Appellant argues that this evidence was competent and material as being on his state of mind; to wit, his fear of his father; and therefore the testimony was properly admissible.

■ At trial, several witnesses had previously testified to appellant's fear of his father. The proffered evidence of the probation officer was, therefore, cumulative. Generally, admission of further cumulative evidence is subject to the exercise of the sound discretion of the trial judge, and will not be disturbed on appeal except for serious abuse. Levin v. United States, 119 U.S.App.D.C. 156, 338 F.2d 265 (1964); Hardy v. United States, 118 U.S.App.D.C. 253, 335 F.2d 288 (1964). In this instance, the event of which the probation officer was to testify occurred several days prior to the killing. Thus, it was more remote than the evidence already admitted which dealt with appellant's state of mind on the day in question. Under these circumstances, it was not an abuse of discretion for the trial judge to exclude such testimony; nor was appellant prejudiced thereby.

1. See also In re Wylie, D.C.App., 231 A.2d 81 (1967); In re Bigesby, D.C.App., 202 A.2d 785 (1964).

**402**

■ Having examined the record before us, we are convinced that there was a preponderance of competent evidence to substantiate the jury's verdict that appellant had committed the crimes of manslaughter and assault with a deadly weapon and there being no error in law, the decision of the Juvenile Court that appellant was within its jurisdiction and should be committed to the custody of the Department of Public Welfare for an indeterminate period was proper.

Affirmed.