**In the Matter of James Edward COWARD.**

**No. 4712.**

District of Columbia Court of Appeals.

Argued April 30, 1969.

Decided June 16, 1969.

Marie S. Klooz, Washington, D. C., for James Edward Coward.

Leo N. Gorman, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for the District of Columbia.

Before CAYTON, Chief Judge, Retired, and QUINN and MYERS, Associate Judges, Retired.

CAYTON, Judge.

Appellant, a minor, was held to be within the jurisdiction of the Juvenile Court, under the provisions of D.C.Code 1967 § 11–1551(a) (1), on the basis of a finding that he had aided and abetted the commission of a crime. This appeal followed.

The factual background is to a large degree uncontested. This action was commenced by a petition which alleged that appellant

(1) * * * on or about November 22, 1967 at about 10:00 P.M. * * *

unlawfully assaulted Joseph Tate with a dangerous weapon, that is, a knife, contrary to and in violation of 22 D.C.Code 502 (1967).

(2) * * * by force and violence and against resistance and by putting in fear, stole and took from the person * * * of Joseph Tate, property of the value of $18.00 * * * contrary to and in violation of 22 D.C. Code 2901 (1967).

At trial, it appeared that appellant was one of a large group of youths which, upon approaching an automobile driven by Tate, divided into two smaller groups, the one assaulting Tate while the other group assaulted a passenger in the car. Three youths pulled Tate from the car, and when he fled into a nearby alley, assaulted him with a knife and robbed him. The other youths accosted the passenger who, after a brief scuffle managed to flee. It was not clear whether, after the passenger escaped, his assailants rejoined the group in the alley and participated in the attack on and robbery of Tate.

Tate testified that appellant was not among the three who originally attacked him, nor was he one who stabbed him. He was unable to place appellant in the alley but identified appellant only as one of the large group which first approached the car. The passenger likewise identified appellant as a member of the group and stated further that appellant had "smacked" him when he got out of the car.

It became clear during the trial that, while the petition alleged that appellant had assaulted and robbed the driver of the car, all the evidence pointed toward his having been with the group which attacked the passenger. The trial judge accordingly held that neither allegation had been proved but found instead that appellant had been an accessory to the lesser crime of simple assault,[1] and thus within the jurisdiction of the court.

---

1. Although there was evidence that appellant actually struck the passenger, the

trial judge did not base his finding on this specific act, but rather, found appellant's

Appellant contends that the evidence was insufficient to support the trial court's finding; that in judging the evidence, we should require the government to prove its allegations beyond a reasonable doubt; and that even if the evidence were held to support the court's finding, the inconsistency between that finding and the original allegations denied appellant adequate notice and opportunity to defend.

[1] We are satisfied that the record amply supports the finding that appellant actively participated in the assault on the occupants of the automobile. Contrary to the claim that appellant's complicity was established by his "mere presence" at the scene, the testimony established that appellant acted in concert with the others in his group in the commission of the assault. It met the requirement that the government establish the essential facts by a preponderance of the evidence. In re Ellis, D.C. App., 253 A.2d 789 (decided May 23, 1969).

Section 11–1551(a) (1) of the D.C.Code 1967 edition, enumerates nine grounds upon which juvenile court jurisdiction may rest, the first being that applicable to the instant case. We can conceive of no reason why the jurisdictional facts should not be established by the same standard as to all; or why appellant would have us burden the government with proving that a juvenile violated a law "beyond a reasonable doubt" when it need only prove by a preponderance of the evidence that a youth is, for example, "habitually truant" under subsection (C).

■ Juveniles are not "charged" with violating the law in petitions filed under subsection (A) in the sense that adults are in criminal indictments and informations. Rather, the allegation that a juvenile committed a crime is included in petitions such as the one in the instant case, simply by way of alleging a required jurisdictional condition.[2] The government must prove, of course, that the juvenile did violate the law in the same way that it must show, under subsection (E), that the juvenile is abandoned, but this is far different from branding the youth a criminal or imposing criminal sanctions on him.

■ It is for this reason that appellant's objection as to the adequacy of notice cannot be sustained. In a criminal action under the same facts, the discrepancy between the crime alleged and that found would be a matter of serious concern. But the precision required in criminal indictments and conformity of the evidence thereto, is inappropriate in juvenile actions, which are in the nature of civil commitment proceedings.

■ Due process of law requires, as the Supreme Court has said, that juveniles be given "notice which would be deemed constitutionally adequate in a civil or criminal proceeding." In re Gault, 387 U.S. 1 at 33, 87 S.Ct. 1428 at 1446, 18 L.Ed.2d 527 (1967). We read this to mean that the juvenile must be made aware of the nature of the allegations to be considered at the hearing and the factual circumstances giving rise to such allegations; in other words, the notice must be sufficiently explicit to enable the juvenile to defend intelligently.

■ The petition in this case was adequate to apprise appellant of the nature and substance of the proceeding against him. It alleged "briefly the facts which bring the child within the provisions of section 11–1551" as required by section 16–2302 of the D.C. Code. It notified him of the place, time, and date of the alleged unlawful conduct, the nature of the violation, the names of the alleged co-perpetra-

---

participation in the overall assault made him an accessory. In so holding, the judge told appellant that " * * * when you are with a group of boys who commit

an offense, you are just as 'guilty' as they are."

2. *See:* In re Nichols, D.C.Mun.App., 179 A.2d 915 (1962).

tors of the assault and the name of the victim. In addition, and most importantly, the petition provided the name of the intake officer who had investigated the case (as he is required by law to do before filing a petition) and who was at all times available to appellant and his counsel should additional information be desired.

The clear adequacy of this notice negates any possibility that appellant might have been prejudiced by any slight disparity between the allegations and the proof. We do not suggest, for example, that a petition in a juvenile proceeding could allege unauthorized use of a motor vehicle and the government could thereafter proceed to prove armed robbery. But such is not the case here, where, though the intake officer misconceived appellant's exact role in the crime, and misplaced him in reference thereto, the petition clearly alleged appellant's participation in the overall commission and provided notice sufficient to enable him to defend.

We hold, therefore, that the finding of the trial court was proper and that the judgment holding appellant to be within the court's jurisdiction should be

Affirmed.