People of the State of Illinois, Plaintiff-Appellee, v. Timothy Spears and John Spears, Defendants-Appellants.

Gen. Nos. 68–48, 68–49.

Second District.

March 4, 1969.

Carbary, Carbary & Chapski, of Elgin, for appellants.

William V. Hopf, State's Attorney of DuPage County, of Wheaton, and Frank Wesolowski, Jr., Assistant State's Attorney, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

On May 21, 1966, the defendant, Timothy Spears was married in DuPage County. A reception followed and

about 9:30 p. m., two deputy sheriffs came to the home where the reception was being held in response to a radio call. They first went to the front door and then walked to the rear of the building where a number of people were congregated. They made inquiry for the owner of the home, at which point the defendant, Timothy Spears, walked up to them and said, "We don't need any cops here." He then hit one of the deputies in the head. In turn, another deputy hit Timothy with a flashlight. When Timothy got up he was told that he was under arrest. Upon receiving this information, he kicked a deputy in the stomach. In the battle which followed, the first two deputies and, apparently, others who had arrived on the scene, were engaged with most of the guests at the wedding reception. Timothy's brother, the defendant, John Spears, was involved in the battle. John choked one of the deputies, struck him several times and finally bounced his head on the blacktop driveway. Ultimately, a sufficient number of deputies arrived so that the disturbance was quelled and the defendants, Timothy and John, were placed in custody together with other persons who are not involved in this appeal.

Both defendants were indicted for the crime of aggravated battery and were found guilty of that crime by a jury. The trial court placed John Spears on probation for a period of two years, but denied probation to Timothy Spears and sentenced him to the State Farm at Vandalia for a period of eleven months. The defendants' post-trial motions were denied and this appeal was filed raising three issues: First, that the evidence was not sufficient to convict the defendants; Second, that the defendants were charged with the wrong crime, and finally that the trial court's rulings on instructions deprived the defendants of a fair trial.

The case was tried for eight days before the jury. Numerous witnesses testified and obviously from the fact that there was a confused melee at the time in question,

the evidence is in conflict. The jury saw and heard the witnesses and several persons who were arrested at the same time as these defendants were found not guilty.

From our own examination of the record we reach the same conclusion as did the Supreme Court in the case of People v. Lobb, 17 Ill2d 287, 161 NE2d 325 (1959), when the Court said at page 294, "On review in a criminal cause, this court will not reverse a judgment of conviction unless the evidence is so palpably contrary to the verdict, or so unreasonable, improbable or unsatisfactory as to justify entertaining a reasonable doubt of defendant's guilt. (Citations omitted.) Where the evidence is conflicting, the credibility of the witnesses and the weight to be given their testimony is a question for the jury or for the trial court, if the case is tried without a jury, and this court will not substitute its judgment for that of the jury or trial court. (Citations omitted.) We are satisfied that the evidence establishes the guilt of the defendant beyond a reasonable doubt and the judgment must be affirmed unless substantial prejudicial error occurred during the trial." See also, People v. Williams, 40 Ill2d 522, 526, 240 NE2d 645 (1968).

We recently decided that the acquittal of other parties in the same case is not grounds to relieve a particular defendant of his responsibility, People v. Quinn, 96 Ill App2d 382, 238 NE2d 619 (1968). Indeed the fact that the jury found certain defendants not guilty is an indication that they carefully considered the evidence before them. We conclude from the examination of the record that there was substantial evidence upon which the jury could base its findings of guilt. We will not substitute our judgment for that of the jury and we will affirm unless there is some substantial prejudicial error in either the matter of the charge or in the instructions.

The defendants next allege that they were charged with the wrong crime. They argue that they should have been charged with resisting a police officer

434

and not with aggravated battery. Section 12–4(b)(5) of the Criminal Code (Ill Rev Stats 1965, c 38, § 12–4(b) (5)) provides in part:

> "A person who, in committing a battery, either . . . knows the individual harmed to be a peace officer, or a person summoned and directed by him, while such officer is engaged in the execution of any of his official duties including arrest or attempted arrest; commits aggravated battery and shall be imprisoned in a penal institution other than the penitentiary not to exceed one year or in the penitentiary from one to five years."

The Committee Comments (SHA, c 38, § 12–4 at page 712) state that this type of aggravated battery reduces the maximum penalty to five years because it does not involve great bodily harm nor permanent disability or disfigurement. The Comments note, however, that "It involves a battery committed under aggravated circumstances from which great harm might and usually does result (although it did not in the particular case), and therefore it constitutes a more serious threat to the community than a simple battery." The legislature could reasonably have believed that batteries committed against certain persons, namely peace officers engaged in the execution of their official duties, were more serious than simple batteries and should be given more severe punishment as a deterrent.

In this case the jury could reasonably have found that the defendants knew the officers were policemen, because in fact all of the officers, except one, were in uniform, and furthermore the jury could reasonably have found that the defendant, Timothy Spears, was placed under arrest immediately and that everything that happened in the melee occurred after his arrest. Therefore, the jury could reasonably have found and did find that the officers

were engaged in the execution of their official duties, including arrest or attempted arrest.

The defendants cite two cases as authority for the proposition that they were not charged with the right offense. The first is People v. Fort, 91 Ill App2d 212, 234 NE2d 384 (1968). In that case, under similar circumstances, the defendant was charged with resisting or obstructing a peace officer. The case does not hold that the defendant could not have been charged with aggravated battery and, in fact, the subject is not discussed. For our purposes, however, we note that the Court did say, "Arrests frequently are made under hazardous conditions and the peace is best preserved when the citizen submits to arrest without regard to the merits of the case. (Citations omitted.) Our courts have gone to great length to preserve the individual's right to an impartial trial and trial by combat has long been outlawed." That language is particularly appropriate to the case at bar.

The other case cited by the defendants is People v. Young, 100 Ill App2d 20, 241 NE2d 587 (1968). In that case police officers, with a search warrant, went to the wrong apartment, an altercation occurred and the defendant was charged with resisting an officer and battery, but not with aggravated battery. The court simply held that the defendant was not guilty under the circumstances and did not discuss the question of aggravated battery. The cases cited by the defendants do not apply to the facts of this case. The defendants were properly charged with aggravated battery, People v. Quinn, supra.

■ ■ Finally, the defendants contend that the trial court committed reversible error in giving and refusing instructions. In this connection the defendants raise some fourteen different instructions which were either erroneously given or erroneously refused. It would serve no purpose for us to discuss each instruction individually. Taking the instructions which were given as a whole we

are satisfied that the jury was properly informed. It is true that the defendant is entitled to have instructions which correctly state their theory of the case, but he is not entitled to have his theory repeated interminably. In this case the court did give proper instructions which clearly set forth the defendants' theory. The fact that the court did not give repetitive instructions on the theory of the defendants certainly is not error. On the contrary, it appears to us to be good practice.

We do deem it necessary to discuss certain instructions. The defendant claims error occurred when the court refused to give its Instruction No. 6, which said, "The burden of proving beyond all reasonable doubt every material allegation necessary to establish the defendant's guilt rests upon the State throughout the trial, and the burden of proof never shifts to the defendants."

█ It is true that the court refused that instruction, however the court gave defendant's Instruction No. 41, which told the jury, "Each defendant is presumed to be innocent of the charge against him. This presumption remains with him throughout every stage of the trial and during your deliberation on the verdict, and is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty. The State has the burden of proving the guilt of the defendant beyond a reasonable doubt and this burden remains on the State throughout the trial, and defendant is not required to prove his innocence." The foregoing is typical of the complaints made by the defendant against the instructions. This instruction correctly and adequately explained the law to the jury and the failure of the trial court to say it again was not error.

█ The defendant alleges that the trial court committed error when it refused to give defendant's Instruction No. 12, which stated, "The Court instructs the jury that if there are two theories which may lawfully be

drawn from the evidence, one pointing to guilty and the other to the absence of guilt, they should find the defendant not guilty." The Supreme Court considered that very instruction in the case of People v. Lexow, 23 Ill2d 541, 179 NE2d 683 (1962), and said at pages 544–545, "This instruction is proper only when opposing theories of guilt or innocence arise out of the same fact. (Citation omitted.) The evidence here was conflicting on all material points and the instruction was properly refused." In the case at bar the evidence was in great conflict on all material points and, therefore, it was proper for the trial court to refuse the instruction. See, People v. Malmenato, 14 Ill2d 52, 150 NE2d 806 (1958).

A review of the instructions as a whole indicates to us that all of the instructions of which defendants now complain were either covered by other instructions or were properly refused.

In conclusion we believe that the defendants received a fair trial and were properly convicted of a proper charge brought against them. Their conviction is therefor affirmed.

Judgment affirmed.

DAVIS and SEIDENFELD, JJ., concur.