THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHNNY BAILEY, Defendant-Appellant.

(No. 72-139;

Second District—February 23, 1973.

William J. Sturgeon, Jr., Public Defender, of Dixon, for appellant.

Albert N. Kennedy, State's Attorney, of Dixon, for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant was found guilty by a jury of aggravated battery and was sentenced to serve from one to five years in the penitentiary.

On appeal, defendant's sole contention is that the indictment is void. In pertinent part the indictment charged:

> "* * * that Johnny Bailey * * * committed the offense of AGGRAVATED BATTERY in violation of Paragraph 12—4, Chapter 38, Illinois Revised Statutes, 1969, in that he, the defendant, knowing one Paul Nusbaum to then and there be a police officer of the City of Dixon, Illinois, did intentionally and knowingly without legal justification, cause bodily harm to the said Paul Nusbaum by kicking him * * *."

Although no subsection of Section 12—4 is set forth in the indictment, we presume from the verbiage used that defendant was charged under Section 12—4(b)(6), which provides that a person is guilty of aggravated battery who:

> "* * * in committing a battery * * * knows the individual harmed to be a peace officer * * * engaged in the execution of any of his official duties * * *."

■■ According to this statute, a simple battery inflicted upon a police officer constitutes an aggravated battery only if the officer is "engaged in the execution of any of his official duties." See *People v. Spears,* 106 Ill.App.2d 430, 435-436 (1969).

■■ The instant indictment does not set forth an essential element of the offense in that there is no allegation that the police officer was engaged in the execution of his official duties. This element cannot be inferred, as the State alleges, from the wording, "knowing one Paul Nusbaum, to then and there be a police officer."

Finding that the indictment does not contain a necessary element of the offense of aggravated battery as required by Section 111—3(a)(3) of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, sec. 111—3(a)(3)), and under the authority of *People v. Plocar,* 411 Ill. 141, 146 (1952), defendant's conviction is hereby reversed.

Judgment reversed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.