*In re* INTEREST OF DANNY CARSON, a Minor, Appellant.

(No. 72-26;

Third District—March 15, 1973.

Steve Hurley, of Defender Project, of Ottawa, for appellant.

Henry Sintzenich, State's Attorney, of Macomb, (James W. Jerz, of Model District State's Attorneys Office, of counsel,) for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Appellant, Danny Carson, 14 years of age, was adjudicated a delinquent following a hearing in the circuit court of McDonough County. He was committed to the custody of the Department of Corrections, Juvenile Division.

The jurisdictional provision relating to the issue before us, Section 2—2 of the Juvenile Court Act, provides that a delinquent boy is one who prior to his 17th birthday, has violated, or attempted to violate, any federal or state law or municipal ordinance. (Ill. Rev. Stat. 1971, ch. 37, sec. 702—2.) To bring the appellant within the scope of such Section the delinquency petition alleged "that said minor is a Delinquent Minor as defined in Illinois Revised Statutes, ch. 37, sec. 702—2, in that on Thursday, September 16, 1971, he was apprehended after he had attempted to pass a bad check in the amount of $53 in Blandinsville, Illinois, on Monday, September 13, 1971, to knowingly obtain by deception, control over the property of another and with the intent to deprive the owner permanently of said property, which is a violation of Chapter 38, sec. 8—4(a) of Illinois Revised Statutes, 1969." Prior to the hearing thereon, counsel for appellant made a motion to dismiss the petition on the ground that it did not allege the commission of a crime, and it is first contended on this appeal that the trial court erred in denying such motion.

■■ We believe that the basic issue here is controlled by the United States Supreme Court case of *Application of Gault* (1967), 387 U.S. 1, 18 L.Ed.2d 527, 87 S.Ct. 1428. In the view we take of the instant case, we see little purpose in discussing the arguments contained in the respective briefs relating to this issue other than to observe that the arguments dwell on the proposition of whether the crime alleged to have been attempted by appellant should have been charged as theft under Section 16—1(b) of the Criminal Code of 1961, or as a deceptive practice under Section 17—1(d) thereof. (See: Ill. Rev. Stat., 1971, ch. 38, secs. 16—1(b) and 17—1(d); *People v. Samples*, 80 Ill.App.2d 182; *People v. Greene*, 92 Ill.App.2d 201.) This argument or controversy, we believe, serves to fortify the conclusion we reach. It is the public policy of this State that a court guards carefully the rights of minors, and, to this end, a court will even intervene of its own motion and take note of legitimate and substantial errors in proceedings invoking

minors even though the minors were represented by counsel. (27 I.L.P. Minors, § 73, p. 56; *Muscarello v. Peterson,* 20 Ill.2d 548; *Clarke v. Chicago Title & Trust Co.,* 393 Ill. 419.) Appropriate objection was in fact made by attorney for appellant in the court below. With the objective in mind of maximum protection for a minor, it is our opinion that the delinquency petition in this case should have been dismissed for its failure to sufficiently inform the appellant of the crime, or of the delinquent act, under which the jurisdiction of the court was being invoked.

■■ Speaking in Application of Gault (1967), 387 U.S. 1, 18 L.Ed.2d 529, 18 S.Ct. 1428, the Supreme Court of the United States has held that due process of law gives a juvenile the right to notice of the charges against him, and that in order to permit the preparation of a defense and such investigation as may be necessary, the charge must set forth with particularity the misconduct upon which the delinquency petition was based and such notice must be given a reasonable time prior to the hearing on such petition. In the present case, the petition informs appellant that appellant's misconduct was an attempt to commit a crime under Section 8—4(a) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, sec. 8—4(a)) but the crime purported to have been attempted is not described either with certainty or particularity. There is no indication as to why the check allegedly attempted to be passed was a "bad check", nor does it appear who executed the check, or to whom it was attempted to be passed. As a matter of fact, as we have indicated, it is contended by appellant that the petition attempts to allege the crime of deceptive practice without showing intent to defraud, while the State argues that it alleged a crime of theft. Aside from these specific deficiencies, in our judgment the petition fails to follow the standards recommended in the *Gault* case and is consequently uncertain and insufficient to constitute proper notice of the misconduct with which appellant was being charged.

Other errors relating to the admission of evidence and the weight of the evidence have been urged as further grounds for reversal but need not be considered at this time. While the desirability of guidance of appellant by the Department of Corrections may be suggested by the record in this case, our determination of this case must be governed by the standards expressed in the *Gault* case. For the reasons stated, we conclude that the petition should have been dismissed on appellant's motion. We, therefore, reverse both the adjudicatory order and the dispositional order entered by the circuit court of McDonough County.

Orders reversed.

STOUDER and DIXON, JJ., concur.