In re INTEREST OF BOBBY BRYANT—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* BOBBY BRYANT, Respondent-Appellant.)

(No. 58768;

First District (4th Division)—March 27, 1974.

Paul Bradley, Deputy Defender, of Chicago (Steven Clark and Peter R. Meyers, Assistant Appellate Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Thomas A. Mauet, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

A petition for adjudication of a minor as a delinquent was filed on August 26, 1972, against Bobby Bryant, respondent in this appeal, charging that he had committed the offenses of battery upon Officer Robert Brennan and aggravated assault upon Officer Michael Duffin. After a hearing on November 21, 1972, the court made a finding of delinquency on both counts and a social investigation was called for by the court. Respondent appeals this finding and contends that:

> (1) The petition for the adjudication of a minor as a delinquent failed to allege that the officer was engaged in the execution of his official duties and was, therefore, insufficient to charge aggravated battery;
>
> (2) The uncorroborated statement of the complaining witness was not sufficient to prove the respondent guilty of aggravated battery beyond a reasonable doubt;
>
> (3) Respondent had acted in self-defense and was not, therefore, guilty of aggravated assault; and
>
> (4) Respondent had been pled guilty by his defense counsel at the hearing and such plea was not accompanied, on the record, by the necessary admonishments.

The facts, as they were presented at the hearing on November 21, 1972, were as follows:

Officer Brennan, Chicago Police Department, testified that he had entered the Bryant home with his partner, Officer Duffin, in response to a call from Mrs. Bryant. She had called for police assistance since she had been having problems with her oldest son, Curtis. Brennan stated that a struggle began when he saw a knife in Curtis' belt and Curtis began to pull it out. Bobby Bryant, Danny Bryant, and Charles Williams were present and attempted to prevent Curtis' arrest. About a minute

after the struggle began, respondent threatened both officers with a broomstick. Officer Duffin became involved in a fight with Danny Bryant, and the two of them fell down the stairs into the basement. At this time, Officer Brennan testified that respondent hit him in the mouth with the broomstick. Officer Brennan fired his gun into the air and respondent left the house.

Officer Duffin testified next and presented basically the same story as to the events that occurred. He saw respondent threaten him and his partner with the broomstick but he did not see Officer Brennan struck as he was in the basement struggling with Danny Bryant at the time.

Respondent testified that he was struck first by Officer Duffin in the chest or stomach. He asked the officer why he had hit him and when he received no reply, he picked up the broom and threatened the officer. His mother told him not to hit Officer Duffin and to go outside, which he did. He denied ever striking Officer Brennan. Mrs. Bryant testified next, generally supporting respondent's testimony.

The petition asking that Bobby Bryant be adjudicated a delinquent charges him as follows regarding the aggravated battery:

> "In that Bobby A. Bryant has on 25 August 1972 at Cook County, Illinois, committed the offense of Aggravated Battery in that he knowing Robert Brennan to be a Chicago Policeman Peace Officer did intentionally, without legal justification caused bodily harm by striking Officer Brennan in the mouth with a broom handle knocking out three teeth of Officer Brennan without legal justification, in violation of Chapter 38, Section 12—4(b)(6) Illinois Revised Statutes."

Respondent submits that this charge fails to include an essential element of the offense of aggravated battery in that it is not stated that the officer was "engaged in the execution of any of his official duties * * *." (Ill. Rev. Stat. 1971, ch. 38, par. 12—4(b)(6).) In support of this position, respondent submits the case of *People v. Bailey*, 10 Ill.App.3d 191, 293 N.E.2d 186. In *Bailey* a conviction for aggravated battery brought under an indictment similar to the aggravated battery charge in the instant case was reversed due to the insufficiency of the indictment. The court there stated:

> "On appeal, defendant's sole contention is that the indictment is void. In pertinent part the indictment charged:
> '* * * that Johnny Bailey * * * committed the offense of AGGRAVATED BATTERY in violation of Paragraph 12—4, Chapter 38, Illinois Revised Statutes, 1969, in that he, the defendant, knowing one Paul Nusbaum to then and there be a

police officer of the City of Dixon, Illinois, did intentionally and knowingly without legal justification, cause bodily harm to the said Paul Nusbaum by kicking him    *    *    *.'

Although no subsection of Section 12—4 is set forth in the indictment, we presume from the verbiage used that defendant was charged under Section 12—4(b)(6), which provides that a person is guilty of aggravated battery who:

"   *   *   * in committing a battery   *   *   * knows the individual harmed to be a peace officer   *   *   * engaged in the execution of any of his official duties   *   *   *.'

According to this statute, a simple battery inflicted upon a police officer constitutes an aggravated battery only if the officer is 'engaged in the execution of any of his official duties.' See *People v. Spears,* 106 Ill.App.2d 430, 435-436 (1969).

The instant indictment does not set forth an essential element of the offense in that there is no allegation that the police officer was engaged in the execution of his official duties. This element cannot be inferred, as the State alleges, from the wording 'knowing one Paul Nusbaum, to then and there be a police officer.'" (10 Ill.App.3d 192.)

If we were dealing with an adult criminal proceeding, the above case would quite clearly be dispositive of this issue. The State does not dispute this, but rather argues that since the instant case involved a juvenile proceeding, that the petition in regards to the aggravated battery was sufficient.

The Juvenile Court Act provides that a minor may be adjudicated a delinquent for the violation or attempted violation of any federal or state law or municipal ordinance. (Ill. Rev. Stat. 1971, ch. 37, par. 702—2.) The State, based on this provision, argues that a delinquency petition is sufficient if it charges a minor with any act which, if proven, would allow the court to adjudicate the minor a delinquent. In the instant case, it is argued that the petition is sufficient to properly charge respondent with "lesser included offense of battery." The State further submits that these petitions are "quasi-criminal" in nature and should not be "construed with the same narrow scope as applied to the sufficiency of a criminal information, complaint, or indictment." We disagree.

This question is controlled by the opinion of the United States Supreme Court, *In re Gault,* 387 U.S. 1, 18 L.Ed.2d 527, 87 S.Ct. 1428. Mr. Justice Fortas, delivering the opinion of the court in that case, discussed the type of notice that due process requires be given in a juvenile petition:

"*   *   * Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court pro-

ceedings so that reasonable opportunity to prepare will be afforded, and it must *'set forth the alleged misconduct with particularity.'* \* \* \* Notice at that time is not timely; and even if there were a conceivable purpose served by the deferral proposed by the court below, *it would have to yield to the requirements that the child and his parents or guardian be notified, in writing, of the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the hearing,* and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance· of the hearing to permit preparation. *Due process of law requires notice of the sort we have described—that is, notice which would be deemed constitutionally adequate in a civil or criminal proceeding. It does not allow a hearing to be held in which a youth's freedom and his parents' right to his custody are at stake without giving them timely notice, in advance of the hearing, of the specific issues that they must meet."* (387 U.S. 33—34.) (Emphasis added.)

The Illinois Supreme Court, in the case *In re Urbasek,* 38 Ill.2d 535, 232 N.E.2d 716, adopted the reasoning of the *Gault* decision. Based on *Gault* the court held, *inter alia,* that due process in a juvenile court delinquency proceeding required "adequate advance notice of the charges, the right to counsel, the privilege against self-incrimination and the right to confrontation and cross-examination of witnesses." (38 Ill.2d 540.) The State's argument that notice and other aspects of a juvenile proceeding need not be construed in the same "narrow" manner as an adult criminal proceeding cannot stand in light of the decision in *Gault.* (Though cited and thoroughly discussed by respondent in his brief as the principal support for his argument, the *Gault* decision is not distinguished or discussed by the State in its answering brief.) The "quasi-criminal" concept and the related justification for procedural shortcomings, that the proceedings were "for the protection of the child", were rejected by the court in *Gault.* As was stated in *Urbasek:*

> "We note that this interpretation of the *Gault* decision is in direct conflict with the ruling of the District of Columbia Court of Appeals in *In re Wylie,* (D.C. App. Ct.) 231 A.2d 81, which refused to depart from its earlier decision in *In re Bigesby,* 202 A.2d 785, where it held that the injection of the criminal law concept of guilty beyond a reasonable doubt into 'civil' delinquency proceedings would be 'both unnecessary and improper.' (202 A.2d at 786.) We believe, however, that the reasoning of that court does not comport with the recurrent theme of the

majority in *Gault* which equated many aspects of a delinquency adjudication with a criminal conviction." (38 Ill.2d 540.)

■■■ Due process of law requires that a juvenile, in the same manner as an adult, be notified of the charges against him. The charges must "set forth with particularity the misconduct upon which the delinquency petition was based", so that the juvenile will be able to prepare a proper defense and conduct "such investigation [of the charges] as may be necessary." (*In re Carson*, 10 Ill.App.3d 387, 389, 294 N.E.2d 75.) In the instant case, the part of the petition relating to the alleged aggravated battery is clearly inadequate in this regard and the finding that respondent committed the offense is hereby reversed. It is not necessary, therefore, for us to consider respondent's other contention, that the State failed to prove the offense of aggravated battery beyond a reasonable doubt.

■■ Respondent also contends that he was not proven guilty of the aggravated assault upon Officer Duffin since he was acting in self-defense. Respondent admitted raising the broomstick and threatening Officer Duffin, but claims that he only did so after Officer Duffin struck him first. However, respondent further testified as follows:

"Q. You stated that Officer Duffin hit you in the stomach; is that right?

A. (Respondent) Up in the chest.

Q. Just before that happened, what had you been doing?

A. You know I was seeing—

Q. Speak to the Judge, please.

A. I was seeing what the other officer was doing to Curtis down there. *Then I guess I was trying to hit him. So, he turned around and started hitting me in my chest, and I asked him why he had hit me.*

\* \* \*

Q. He was on the outside. You stated you picked up a broomstick and you were going to hit Officer Duffin; is that correct?

A. Yes.

Q. Was he in uniform?

A. Yes.

Q. You knew he was a policeman?

A. Yes.

Q. *Did Officer Duffin do anything when he saw you coming at him with a broomstick, if you can recall? Did he say anything or do anything?*

A. *No*, because I was really paying attention to my mother, you know." (Emphasis added.)

From this testimony it appears just as likely that respondent, if he was indeed struck by Officer Duffin, was struck only after he threatened the policeman with the broom. Respondent's testimony as to the incident is conflicting. At best then, there is a conflict in the two versions of the incident and as such this would have been a question of the credibility to be attached to the testimony of each witness. "Issues of credibility are to be resolved by the trier of fact and the court's evaluation of the testimony will not be disturbed merely due to the existence of possibly conflicting evidence." (*People v. James*, 4 Ill.App.3d 1042, 1050, 282 N.E.2d 760, citing *People v. Hanna*, 42 Ill.2d 323, 328-329, 247 N.E.2d 610, and *People v. Peak*, 29 Ill.2d 343, 349, 194 N.E.2d 322.) We find no merit in respondent's contention that the aggravated assault was not proven beyond a reasonable doubt.

■■ Respondent's final contention is that defense counsel, at the close of the hearing, entered a "guilty plea" on behalf of respondent to the charge of aggravated assault. Since the record does not contain any of the admonishments required by Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402) respondent submits that the "guilty plea" must be reversed. We are of the opinion that no such "guilty plea" was ever entered. Respondent alludes to the following statement of defense counsel in his closing argument at the hearing:

> "In the first place, I will ask leave to withdraw our denial with respect to the aggravated assault charge and we are going to make an admission on the aggravated assault charge, because the boy's testimony stands on its face."

Respondent submits that this statement is, in effect, a guilty plea entered by counsel as to the charge and as a result, this foreclosed any consideration by the court of the self-defense testimony that had been presented. A reading of the record shows that this quote was taken out of context. Defense counsel's statement above ended as follows:

> "* * * He says be raised a stick against Officer Duffin and so be it. *I let the boy's testimony stand for the Court's intrinsic value, which I think is quite high.*" (Emphasis added.)

Defense counsel appears to simply have been commenting on respondent's admission that he had threatened Officer Duffin with the broom, but he does not ask the court to ignore respondent's testimony as to his motive in doing so. On the contrary, the above statement asks the court to pay close attention to the testimony regarding self-defense when considering the fact that respondent admitted threatening Officer Duffin. There is no indication in the record that this was meant as a "guilty plea" or that the trial court took it to be such. We are of the opinion that the evidence was fairly and completely considered at the close of

the hearing and respondent was found guilty of the offense, rather than having his "plea" accepted by the court.

The finding of the court that respondent committed the offense of aggravated battery upon Officer Brennan is reversed. The finding that he had committed an aggravated assault upon Office Duffin is affirmed, as in the finding of delinquency.

Affirmed in part; reversed in part.

DIERINGER and JOHNSON, JJ., concur.