The People of the State of Illinois, Plaintiff-Appellee, *v.* Petro Brown, Defendant-Appellant.

(No. 72-339; )

Second District—May 3, 1974.

*Rehearing denied May 21, 1974.*

William L. Balsley, of Loves Park, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Robert R. Mc-Williams, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

A jury found the defendant guilty of aggravated battery in violation of section 12—4(b)(6) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 12—4(b)(6)), and he was sentenced to 1 year at the Illinois State Farm at Vandalia.

The defendant contends on appeal that (1) certain of the court's and State's Attorney's comments were prejudicial to him; (2) he was not proven guilty beyond a reasonable doubt; (3) irrelevant and immaterial evidence was admitted; (4) the criminal complaint was insufficient; (5) the statute under which he was convicted is unconstitutionally vague and uncertain; (6) certain instructions, submitted by the State and given by the court over defendant's objections, were prejudicial; and (7) the sentence was excessive.

Defendant and his wife quarreled on November 9, 1971, and the wife

went to their daughter's home. Defendant followed, was denied entry into the house, broke in the front door, ripped the telephone out and damaged the back door. The police were called and, upon their arrival, defendant was observed with his hands in his pockets standing in the front yard of the home. He stated that he had a gun, was going to shoot them and was not going to be arrested. During efforts to arrest the defendant, one of the four officers was hit in the chest and kicked in the leg; defendant sustained three broken ribs and a bruised eye. He was finally subdued, handcuffed and taken away in a patrol car. No gun was found.

Defendant contends that he was prejudiced by remarks made during trial in that (a) the trial court was critical of defense counsel's understanding of the law; (b) the court was impatient with the manner in which the defense was conducted; (c) the defense counsel was reprimanded by the court, and (d) the State's Attorney's indications of impatience with the defense counsel compounded the alleged prejudiciality of the court's remarks. Defendant cites 32 separate remarks by the court and 6 by the State's Attorney, all made in the presence of the jury. It is the State's position that the statements were either provoked by defense counsel or were not prejudicial and that the mere possibility of prejudice was cured by the cautionary instruction.

■■ Other than the officer's testimony, there is no direct evidence of defendant striking the officer; defendant denied doing so. Thus, the case turns on whom the jury chose to believe. Should the record indicate that the court showed obvious irritability toward the defense and that the State's Attorney failed to accord opposing counsel due courtesy, reversal would be required. (*People v. Evenow*, 355 Ill. 451, 455-56 (1934).) Such actions, in the presence of the jury, may prove a source of prejudice which would deny defendant a fair and impartial trial. (*People v. Lewerenz*, 24 Ill.2d 295, 300-01 (1962).) In this consideration, however, we are mindful that it would be a dangerous precedent to permit counsel to claim an advantage from statements which the trial court made in response to the invitation or provocation of counsel. *People v. Smith*, 63 Ill.App.2d 369, 376-77 (1965); *People v. Shockey*, 66 Ill.App.2d 245, 249 (1966); *People v. Smith*, 66 Ill.App.2d 257, 262-63 (1966).

■■ An examination of the record reveals that the remarks by the trial court and the State's Attorney were never directed toward the defendant or the evidence presented. We find that of the 38 allegedly prejudicial comments directed at defense counsel, 33 were not prejudicial and the remaining 5, which in other circumstances may be construed as error, were here provoked by defense counsel. Further, in this case the caution-

ary instruction (I.P.I.-Criminal 1.01) counteracted any possibility of prejudice posed by the comments.

■■■ It is maintained that because the State failed to meet its burden of proof as to the element of bodily harm, defendant was not proven guilty beyond a reasonable doubt. There was direct testimony from the complaining officer that he was struck and kicked by the defendant. Whether this constituted bodily harm is a question for the jury. (*People v. Newton*, 7 Ill.App.3d 445, 447 (1972).) Even when refuted by the defendant, the testimony of one witness (when that testimony is positive and the witness credible) is sufficient, without corroboration or medical reports, to support a finding that bodily harm did occur. (*People v. Holmes*, 5 Ill.App.3d 708, 712 (1972).) Here, the witness' testimony was positive and where the issue turns on the credibility of that witness, a reviewing court will not upset a jury's finding unless the evidence is so palpably contrary to the verdict or so unreasonable, improbable or unsatisfactory that it would raise a reasonable doubt as to the guilt of the accused. (*People v. Spears*, 106 Ill.App.2d 430, 434 (1969); *People v. Nuccio*, 54 Ill.2d 39, 51 (1973).) The evidence being sufficient, we find no error with the jury's determination of guilt.

■■■ Defendant alleges that he was prejudiced by irrelevant and immaterial evidence admitted over his objection, such evidence being: (a) an officer's testimony during the case-in-chief regarding his observations of the condition of the home after defendant's arrest; (b) the defendant's testimony on cross-examination concerning events prior to the arrival of the police; (c) rebuttal testimony of defendant's daughter contravening defendant's denial of having broken into her house, and the daughter's criminal complaint introduced into evidence.

> "The test of the admissibility of evidence is whether it fairly tends to prove the particular offense charged, and any circumstances may be put in evidence which tend to make the proposition at issue more or less probable." *People v. Peter*, 55 Ill.2d 443, 459 (1973).

The officer's testimony supported a necessary element of the offense, *i.e.*, that the officers were acting in their official capacity. (*People v. Bailey*, 10 Ill.App.3d 191, 192 (1973).) The testimony concerning the condition of the house was also admissible in that it presented a continuous narrative of the facts at and around the time of the crime. *People v. Johnson*, 34 Ill.2d 202, 206 (1966); *People v. Sanders*, 56 Ill.2d 241, 250 (1974); *City of Chicago v. Mayer*, 56 Ill.2d 366, 369-70 (1974).

■■■ On direct examination, the defendant testified that he was only standing in the yard when accosted by the police. Based on this testimony, the State questioned him as to the circumstances which led to his

being in the yard. The questions on cross-examination were expositive of defendant's direct testimony. As a general rule, the latitude allowed in cross-examination is left to the discretion of the trial court and reversal on this ground would only be occasioned by a clear abuse of discretion. (*People v. Gallo*, 54 Ill.2d 343, 356 (1973).) It was therefore not error to allow the inquiry.

■■ The rebuttal testimony of the defendant's daughter and the criminal complaint supporting her testimony were properly admitted since they had probative value for the purpose of refuting defendant's testimony that he was merely standing in the yard prior to arrival of the police. (*People v. Daugherty*, 43 Ill.2d 251, 254 (1969).) The trial court's rulings on these matters were not in error.

The defendant claims that the complaint was insufficient in that it failed to allege the specific act or acts the defendant committed, that such acts were committed upon the officer, or what official duties the officer was performing at the time of defendant's alleged acts. The complaint states:

> "* * * That on the 9th day of Nov. 1971, in the County of Winnebago, State of Illinois, Petro Brown committed the offense of AGGRAVATED BATTERY, in that he, knowingly or intentionally and without legal justification committed a battery on CHESTER GAINES thereby causing bodily harm to CHESTER GAINES knowing the said CHESTER GAINES to be a peace officer, or a person summoned and directed by him, or a correctional officer, while such officer was engaged in the execution of any of his official duties including arrest or attempted arrest in violation of Paragraph 12—4(b)(6), Chapter 38, Illinois Revised Statutes."

■■ The requirements for determining the sufficiency of a criminal complaint are enumerated in the Code of Criminal Procedure. (Ill. Rev. Stat. 1971, ch. 38, par. 111—3.) Our supreme court has held that to be sufficient a criminal charge must inform the accused of the nature of the charge, "thus allowing him to prepare a defense and to serve as a bar to a future prosecution for the same offense," and a criminal charge phrased in statutory language is sufficient if the defendant is thereby apprised, with reasonable certainty, of the precise offense charged. (*People v. Harvey*, 53 Ill.2d 585, 588 (1973).) The instant complaint was framed substantially in the words of the statute and it is not fatally defective for failing to include the matters enumerated by the defendant. We find the complaint was sufficient to enable defendant to prepare his defense and to act as a bar to future prosecution for the same offense. (*People v. Grieco*, 44 Ill.2d 407 (1970).) We note, too, that a bill of particulars

was available to the defendant had he desired more details toward the preparation of his defense.

■■■ Defendant contends that the statute under which he was convicted is vague and indefinite, thereby violating the due process clause of both the United States and Illinois constitutions. Such vagueness is specified to be the statutory use of the word "harmed" instead of the words "bodily harm" which, defendant argues, does not make it a certainty that an aggravated battery has been committed if a defendant strikes a police officer without causing "bodily harm."

The statute states that an aggravated battery is committed when:

"(b) A person who, in committing a battery  *  *  *

(6) Knows the individual harmed to be a peace officer, or a person summoned and directed by him, or a correctional officer, while such officer is engaged in the execution of any of his official duties including arrest or attempted arrest;  *  *  *." Ill. Rev. Stat. 1971, ch. 38, par. 12—4(b)(6).

Battery is defined by section 12—3(a) of the Criminal Code. (Ill. Rev. Stat. 1971, ch. 38, par. 12—3(a).)

"A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual."

When read together, these statutes adequately explain the "harm" which constitutes the offense of aggravated battery as herein charged. The statute is neither vague nor uncertain. Both the statute and the legislative intent are clear. A simple battery, if knowingly committed on a peace officer engaged in his official duties, is an aggravated battery. This classification is constitutionally permissible. *People v. Hanson*, 53 Ill.2d 79, 81-82 (1972).

■■ Defendant finds prejudicial error in the giving of certain instructions over his objection. He first complains of the giving of I.P.I.-Criminal 11.09, which defined the crime charged, claiming that the complaint alleged "bodily harm" while the instruction stated "harmed" and that this distinction allowed defendant to be found guilty without proof of all the elements in the complaint. The instruction, however, utilized the words of the statute to inform the jury of the applicable law. Any possible difficulty which the jury may have found in understanding the definition of "harmed" was cured by the giving of I.P.I.-Criminal 11.10, which clearly stated that to be found guilty defendant must have caused "bodily harm" to the officer.

"No single instruction is required to state all of the relevant law

on a single subject, but it is sufficient that the instructions as a whole adequately inform the jury as to the law." *People v. Campbell*, 13 Ill.App.3d 31, 34 (1973).

■■■ Defendant finds error in the giving of I.P.I. Criminal 11.09 in that no definition of the term "battery" (used in that instruction) was given. People's Instruction No. 11, defining "battery", was withdrawn. The defendant did not tender an instruction defining "battery" but seeks to have us find error in the court's failure to give the same. The defendant who fails to tender an instruction cannot claim error by the court's failure to give such instruction. *People v. Springs*, 51 Ill.2d 418, 424-25 (1972).

■■■ It is next maintained that People's Instructions Nos. 8 and 13 were prejudicial to the defendant in that they introduced new issues not properly before the jury and unduly emphasized improper elements. Instruction No. 8, not an I.P.I. instruction, is a direct quote from the Criminal Code. (Ill. Rev. Stat. 1971, ch. 38, par. 107—5(a)(b)(c).) Instruction No. 13 is I.P.I.-Criminal 24.20, which relates the law as to a private person's use of force in resisting arrest. These instructions, when taken together and in conjunction with I.P.I. 11.10 (defining the necessary elements to be proved by the State in the crime charged), were properly given. A necessary element of the instant crime is that defendant acted without legal justification. (*People v. Gnatz*, 8 Ill.App.3d 396, 399 (1972).) Instruction No. 13 informed the jury of defendant's lack of legal justification. Instruction No. 8 explained the method of arrest in the words of the Criminal Code and was explanatory of the term "arrest" used in Instruction No. 13. Under the circumstances of this case, neither instruction misled nor confused the jury to the prejudice of the defendant. *People v. Booker*, 378 Ill. 334, 345 (1941).

Pending appeal, we were informed by motion that defendant has completed his sentence. It is therefore unnecessary that we consider the last issue raised.

Judgment affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.