IN RE THE ALLEGED DELINQUENCY OF GREGORY ALAN DAVIES
*v.* STATE OF INDIANA.

[No. 3-1175A252. Filed December 16, 1976.]

*Terry E. Johnston,* of Valparaiso, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

HOFFMAN, J.—This is an appeal from a judgment finding the juvenile Gregory Alan Davies delinquent pursuant to IC 1971, 31-5-7-4 (Burns Code Ed.), for having been involved in a burglary. Although several questions have been presented, our consideration has been confined to the dispositive issue of whether Davies had sufficient notice of the allegations against him.

On June 4, 1975, a petition was filed in the Porter Juvenile Court alleging that Davies was "delinquent in that he [was] involved in first degree burglary." Davies filed a motion to dismiss the delinquency petition on grounds that it did not "state the crime with sufficient certainty as to put the juvenile on notice as to the proof relied upon by the State of Indiana." The State in its answer to such motion responds that since juvenile proceedings are not criminal, the allegation of wrongdoing does not require the same particularity, and moreover that "the specific facts of the alleged delinquent act [would] be obtained by counsel through his discovery motion." On June 18, 1975, a hearing was held on the delinquency petition at which Davies' motion to dismiss was overruled. On July 13, 1975, evidence was heard and Davies was committed to the Indiana Boys School until age 21.

The determination of delinquency under IC 1971, 31-5-7-1, *et seq.* (Burns Code Ed.), involves a special process in which

a youth can be disciplined by the juvenile court through the State's intervention as *parens patriae*.

Accordingly the judge is invested with a broad flexibility in dealing with delinquent acts in order not to be constrained by the formalities and procedural complexities of criminal proceedings. *In re Adams* v. *State* (1963), 244 Ind. 460, 193 N.E.2d 362. However since this special status of the juvenile court is nurtured for the purpose of making the process understandable, paternal and compassionate the court cannot, under the guise of flexibility, ignore extending to the accused fundamental fairness. *See, Bible* v. *State* (1970), 253 Ind. 373, 254 N.E.2d 319. Therefore our question is whether the juvenile process rendered Davies denied him a fundamental fairness in failing to provide adequate notice of the offense alleged.

The Supreme Court of the United States addressed itself to a consideration of the due process requirements of actual notice in a delinquent proceeding in the case of *In Re Gault* (1967), 387 U.S. 1, at 33, 18 L.Ed.2d 527, at 549-50, 87 S.Ct. 1428, wherein it stated:

"We cannot agree with the court's conclusion that adequate notice was given in this case. Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must 'set forth the alleged misconduct with particularity.' It is obvious, as we have discussed above, that no purpose of shielding the child from the public stigma of knowledge of his having been taken into custody and scheduled for hearing is served by the procedure approved by the court below. The 'initial hearing' in the present case was a hearing on the merits. Notice at that time is not timely; and even if there were a conceivable purpose served by the deferral proposed by the court below, it would have to yield to the requirements that the child and his parents or guardian be notified, in writing, of the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation. Due process of law requires notice of

the sort we have described—that is, notice which would be deemed constitutionally adequate in a civil or criminal proceeding. It does not allow a hearing to be held in which a youth's freedom and his parents' right to his custody are at stake without giving them timely notice, in advance of the hearing, of the specific issues that they must meet. Nor, in the circumstances of this case, can it reasonably be said that the requirement of notice was waived." (Footnotes omitted.)

In considering the circumstances of the case at bar, we note that the State relies too heavily on the non-criminal status of a delinquency hearing in arguing that under the rules of civil procedure, the petition was sufficient as against a motion to dismiss. Our concern is directed specifically to the requirements of IC 1971, 31-5-7-4, *supra,* which states in pertinent part:

> " '[D]elinquent child' shall include any boy under the full age of eighteen [18] years and any girl under the full age of eighteen [18] years who:
>
> (1) Commits an act which, if committed by an adult, would be a crime * * *.";

and IC 1971, 31-5-7-8 (Burns Code Ed.), which states in pertinent part:

> "Information — Investigation — Petition. — * * * [The] petition shall be verified and shall contain a statement of the facts constituting such * * * delinquency as defined in this act. * * *"

Thus a showing must be made in the delinquency petition that there is an existing set of facts comprising an act which if committed by an adult would be a crime. The mere accusation that one has been "involved" in a burglary presents no specific time, place or set of circumstances which would, standing alone, constitute such an act. *McClintock* v. *State* (1969), 253 Ind. 333, 253 N.E.2d 233.

Requiring the accused to ferret out those facts upon which he must offer a defense through a discovery motion may suffice for certain denominated civil actions. However the

defense of a delinquency petition based upon acts which must be proven beyond a reasonable doubt according to the form of a criminal statute is not one of them. *Warner* v. *State* (1970), 254 Ind. 209, 258 N.E.2d 860. Instead some specific conduct must be charged as constituting the delinquent offense. *See generally, In Re Coyle* (1951), 122 Ind. App. 217, 101 N.E.2d 192 (transfer denied).

It may be thought that the juxtaposition of an informal atmosphere with a strict procedure creates practical difficulties for the litigation process. However we note that the informal aspects of the hearing relate primarily to a relaxing of evidentiary rules so that the judge can pursue his special role. Thus even in this consideration, constitutional rights should not be grudgingly extended in the disposition of juvenile matters under the rubric of informality. *Summers* v. *State* (1967), 248 Ind. 551, 230 N.E.2d 320.

In the case at bar, there were reports of at least two burglaries. The accused had a right to know which of these he was called upon to defend. Moreover the elements of the offense for which the accused was eventually held accountable were unknown to not only the juvenile but the judge as well. Under the circumstances there is no reason why the delinquency petition could not have been more specific. When a juvenile is accused of having committed an act, which if committed by an adult would be a crime, he is entitled to have the allegation meet the same standard as it would for a criminal offense. *In re Interest of Bryant* (1974), 18 Ill. App. 3d 887, 310 N.E.2d 713.

In view of the determination we are compelled to make in this case, we deem it unnecessary to consider other issues raised by Davies.

The judgment is reversed and this cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 357 N.E.2d 914.