Richard Stuart TILTON, Appellant
(Respondent Child Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–280A42.

Court of Appeals of Indiana,
Third District.

Feb. 24, 1981.

John P. Geberin, Bowser & Geberin, Warsaw, for appellant (respondent child below).

Theodore L. Sendak, Atty. Gen. of Indiana, Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee (plaintiff below).

GARRARD, Judge.

Appellant, Richard Tilton, was declared a delinquent child after the court determined that he had committed acts sufficient to make an adult guilty of the crime of criminal mischief, IC 35–43–1–2(1).[1] He was involved with others in an episode of window breaking in December 1978. On appeal he challenges the sufficiency of the evidence and asserts error in the failure of the court to grant a new trial for newly discovered evidence.

### I. Sufficiency of the Evidence

The state initially points out that Tilton's motion to correct errors does not challenge the sufficiency of the evidence. It asserts that therefore the issue is waived. Citing *Collins v. State* (1977), 266 Ind. 430, 364 N.E.2d 750, Tilton contends that he may challenge the sufficiency of the evidence for the first time on appeal.

In *Collins* the Supreme Court relied upon that portion of Indiana Rules of Procedure, Trial Rule 50(A) which, after referring to when a party may move for judgment on the evidence, states:

"... or

(5) may raise the issue upon appeal for the first time in criminal appeals but not in civil cases; ...."

1. "A person who [r]ecklessly, knowingly, or intentionally damages property of another person without his consent ... commits criminal mischief ...."

The state urges that *Collins* is inapplicable because TR 50 applies to jury trials and this case was tried to the court; and because juvenile cases are civil rather than criminal in nature.

We first consider the assertion that raising the sufficiency of the evidence for the first time on appeal in a criminal case should not be permitted if the case was tried by the court.

It must be conceded, of course, that Trial Rule 50 opens with a reference to cases tried by jury.[2] Moreover, when considering the ramifications of *moving for a judgment on the evidence*, our decisions have clearly delineated between jury trials and court trials and held TR 50 applicable to the former. *See, e. g., Clark v. Melody Bar, Inc.* (1971), 149 Ind.App. 245, 271 N.E.2d 481.

However, the bare language of TR 50(A)(5) is, at least, fairly susceptible to interpretation as recognizing an alternative to the operation of TR 50 rather than stating an operation of the rule itself. Thus, the subsection appears as part of the statement that, "[a] party may *move for such judgment* on the evidence:" (emphasis supplied). The first four (4) subsections which are stated in the alternative then relate when the *motion* is proper. As an additional alternative subsection (5) then states not that the motion, but that the underlying *issue* may be raised for the first time on appeal.

Moreover, the application is clearly one of preserving error and, thus, appellate procedure. It does not appear to us that there is any rational basis for distinction between court tried and jury tried cases in securing appellate review of the sufficiency of the evidence. Thus, while they did not expressly consider the question now posed, the court referred to raising the issue for the first time on appeal following bench trials in *Guardiola v. State* (1978), 268 Ind. 404, 375 N.E.2d 1105 and *Fields v. State* (1979), Ind.App., 384 N.E.2d 1127 and in *Wash-*

*ington v. State* (1978), Ind.App., 379 N.E.2d 1032 permitted the issue to be so raised.

■ Although the success ratio for successful assertion of a sufficiency argument is without question indeed small,[3] a system of justice which includes appellate review of criminal convictions should freely include an examination of whether the evidence supports the conviction had. This not only maintains the appearance of fairness, it helps insure its substance.

■ Secondly, we promote justice not only for the accused but for society as well by considering the sufficiency of the evidence at the earliest point of appellate review rather than after the delay and expense involved in seeking a review eventually through the post conviction relief process. *See, e. g., Powell v. State* (1978), 268 Ind. 134, 374 N.E.2d 495.

■ We, therefore, hold that Tilton was not precluded from first challenging the sufficiency of the evidence on appeal because his case was tried by the court.

It is true that juvenile proceedings have long been considered civil in nature. *Bible v. State* (1970), 253 Ind. 373, 254 N.E.2d 319. However, as Judge Hoffman observed in *Davies v. State* (1976), 171 Ind.App. 487, 357 N.E.2d 914, the courts should not, under the guise of the flexibility provided by the juvenile acts for dealing with youthful offenders, ignore extending to the accused fundamental fairness.

Since 1970 we have recognized that despite the civil nature of a juvenile proceeding, the respondent is entitled to the standard of proof beyond a reasonable doubt where he is accused of delinquency by virtue of the commission of an act which would constitute a crime if committed by an adult. *Warner v. State* (1970), 254 Ind. 209, 258 N.E.2d 860. We think consistency with these decisions requires that we hold that such a juvenile may challenge the sufficiency of the evidence in the same manner

---

2. "Where all or some of the issues in a case are tried before a jury or an advisory jury are not supported by sufficient evidence . . . ."

3. Witness the frequency of the appellate reminder that we may not reweigh the evidence.

as a criminal accused. Indeed, the new juvenile code (inapplicable to Tilton's case) specified that the procedures governing criminal trials shall apply in cases where someone is alleged to be a delinquent child. IC 31–6–7–1.

We hold that one charged with delinquency through the commission of an act which would constitute a crime if committed by an adult may challenge the sufficiency of the evidence to sustain his "conviction" although the error is first asserted on appeal.

Having determined these issues we now turn to an examination of the evidence in Tilton's case. It shows that Tilton and three other boys visited a local K-Mart, where one (Smith) purchased four B-B guns. These were then distributed among the four. They then drove around the city with all the boys firing B-B's out the windows of the automobile. They fired at such things as stop signs and plate glass windows. In the process, several windows were broken.

There was no direct evidence that Tilton broke any specific window. The state concedes this but argues that his actions in voluntarily aiding and participating in the conduct are sufficient under IC 35–41–2–4 to sustain his conviction.[4] Tilton argues that IC 35–41–2–4 cannot be utilized since its application is premised upon knowingly or intentionally aiding while the principal crime charged was the "reckless" destruction of property.

Under IC 35–41–2–2(c) a person engages in conduct "recklessly" if he engages in the conduct in plain, conscious and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct.

■ The conduct of these youths riding around shooting at signs and windows with B-B guns fulfills the requirement of recklessness respecting the windows that were broken. Tilton's knowing and intentional

participation in that conduct renders him liable via the aiding statute. He was legally capable of knowingly and intentionally participating in and aiding the reckless destruction of property.

## II. Newly Discovered Evidence

The gist of Tilton's request for a new trial based upon newly discovered evidence is that his brother committed the offense. In support he offers a post trial deposition of William Cook, one of the four participants, that it was Wesley Tilton that was involved; an affidavit by Wesley Tilton that he had been with Perry, Cook and Smith when the B-B guns were purchased; and the assertion that the K-Mart employee mistook Wesley for Richard at the Cook deposition, when by arrangement Wesley was seated as the defendant.

■ To demonstrate an abuse of discretion by the trial court in refusing to grant a new trial because of newly discovered evidence, Indiana law requires a showing that (1) the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; that due diligence was used to discover it in time for trial; (6) that the evidence is worthy of credit; (8) that it can be produced upon a retrial; and (9) that it will probably produce a different result. *Emerson v. State* (1972), 259 Ind. 399, 287 N.E.2d 867; *Sanders v. State* (1977), Ind.App., 370 N.E.2d 966.

Here Kevin Stoll, the K-Mart employee, was thoroughly examined at trial regarding his identification of Richard. One of the participants, Smith, also identified him. The evidence now offered is merely impeaching and Tilton has failed to demonstrate why it was not available at trial had due diligence been used. Moreover, at trial

---

4. "35–41–2–4. Aiding, inducing, or causing an offense.—A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:

(1) Has not been prosecuted for the offense;
(2) Has not been convicted of the offense; or
(3) Has been acquitted of the offense."

the brother testified and stated under oath that he was home in bed when the events occurred. We find the trial judge's skepticism that a different result would be reached on retrial to be justified. No error was committed in denying the motion.

Affirmed.

HOFFMAN, P. J., and STATON, J., concur.